21822

Larry J. JORDAN, Appellant, v. The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA and Midland Auto Recovery Services, Inc., Respondents. and Kathy W. JORDAN, Appellant, v. The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA and Midland Auto Recovery Services, Inc., Respondents.

(298 S. E. (2d) 213)

*Oswald & Floyd,* West Columbia, *for appellant.*

*Robert G. Currin, Jr.,* of *Nelson, Mullins, Grier & Scarborough, John T. Moore,* of *Robinson, McFadden, Moore & Pope,* and *Herbert W. Hamilton,* of *Whaley, McCutchen & Blanton,* Columbia, *for respondents.*

Dec. 7, 1982.

LITTLEJOHN, Justice:

This action was brought by Larry and Kathy Jordan (who are husband and wife), Appellants, to recover actual and

punitive damages from the Respondents for having re-possessed a 1978 Ford pick-up truck in what is alleged to be a wrongful manner. Citizens and Southern National Bank held a mortgage on the truck and Midland Auto Recovery Service, Inc., acted as agent for the bank in bringing about the re-possession. In an Amended Complaint, the Appellants alleged causes of action for: (1) trespass, (2) conversion, and (3) invasion of privacy. After Answers were filed and depositions taken, the Respondents made Motions for Summary Judgment as to all causes of action.

The circuit judge granted the motions holding in effect, that the Respondents proceeded illegally. The Appellants submit error.

The Appellants financed the truck through the Respondent bank and failed to make at least two monthly installment payments. On September 29, 1978, at about 11:00 p.m., a Midland Recovery employee, at the behest of the bank, found the truck with keys in it at the Appellants' residence. The employee started the motor and drove it from the driveway into the public streets. They heard the motor running but did not see the truck until it was proceeding down the street. Thinking their truck had been stolen, they pursued it in another vehicle. The pursuit lasted some thirty minutes over a distance of several miles beginning at Lexington and ending in Columbia. There is evidence from the Appellants' deposi-tions that the driver of the truck exceeded the speed limit, failed to observe traffic signals and drove recklessly. After they were unable to apprehend the driver of the truck, they reported it as a stolen vehicle to the police and later learned that the truck had been repossessed by the bank.

In oral argument, counsel for the Appellants conceded that under the mortgage contract, and the law of this state, the repossession was proper unless it was accompanied by a breach of the peace. It is admitted that the taking of the truck from the premises of the Appellants did not amount to a breach of the peace but it is argued that the conduct of the driver of the truck in speeding, failing to observe traffic signals and in driving recklessly some distance from the residence constituted a breach of the peace and, accordingly, made the repossession actionable.

Section 36-9-503, Code of Laws of South Carolina (1976), provides a remedy to the lender upon failure of the borrower to pay:

> Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done *without breach of the peace* or may proceed by action ... (Emphasis added.)

We stated in *Castell v. Stephenson Finance Company*, 244 S. C. 45, 135 S. E. (2d) 311 (1964), that :

> It is the well-settled law of this state that, after (sic) condition broken under a chattel mortgage or title retention contract, the title, as well as the right to possession of the property covered thereby, immediately unite in the mortgagee or seller. He then can retake the chattel either peaceably or by claim and delivery proceedings. . . .

A breach of the peace was defined in *Lyda v. Cooper*, 169 S. C. 451, 169 S. E. 236 (1933) as follows:

> In general terms, a breach of the peace is a violation of public order, a disturbance of public tranquility, by any act or conduct inciting to violence.
>
> By "peace," as used in the law in this connection, is meant the tranquility which is enjoyed by the citizens of a ... community, where good order reigns among its members, which is the right of all persons in political society. . . . It is not necessary that the peace be actually broken to lay the foundation of a prosecution for this offense. If what is done is unjustifiable, tending with sufficient directness to break the peace, no more is required.

Under Rule 44 of the Circuit Court, the moving party is entitled to Summary Judgment if there is no genuine issue of fact to be determined. To refuse the motion under the facts of this case, the trial judge would have been required to hold that the alleged conduct of the driver of the truck some distance from the residence of the Appellants amounted to a breach of the peace within the meaning of

§ 36-9-503 of the Code. We are not at all sure that the alleged violations of the traffic laws amounted to a breach of the peace, but even if it be assumed that they did, the conduct was not incident to seizing the truck at the residence of the Appellants. The breach of the peace as contemplated by the statute and our cases refers to conduct at or near and/or incident to the seizure of the property.

We, therefore, hold the lower court properly granted the Motion for Summary Judgment and its Order is, accordingly,

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.