Raymond E. MASSENGILL, Sr. and J. Joan Massengill, Appellants (Plaintiffs Below),

v.

INDIANA NATIONAL BANK, Appellee (Defendant Below).

No. 32A01–8910–CV–392.

Court of Appeals of Indiana, First District.

Feb. 15, 1990.

Charles P. Gaddy, Gaddy & Gaddy, Indianapolis, for appellants.

Mary Jo Hunter Wedding, Norris Choplin & Johnson, Indianapolis, for appellee.

ROBERTSON, Judge.

The plaintiffs-appellants Massengills appeal from the trial court's granting a summary judgment in favor of the defendant-appellee Indiana National Bank (INB).

The facts show that the Massengills obtained a loan from INB using a van as collateral. Towards the end of the loan, the Massengills were notified by certified mail that they were delinquent in the last two payments. Mrs. Massengill, by way of a Saturday telephone call, notified an INB agent that she did not agree with the amount which INB said was due. Mr. Massengill was supposed to go in the first thing the following Monday and take care of the matter.

INB had arranged with American Lenders Service Company, who was primarily engaged in repossessing motor vehicles, to repossess Massengills' van. At 1:30 A.M. on Sunday morning, American Lenders' unmarked tow truck, operated by Jacobs and Hammons, entered the Massengills' driveway and hooked up to the van. Mr. Massengill thought the van was being stolen and went outside to intervene, which he did vociferously. During the course of events, Massengill became entangled in machinery at the rear of the tow truck and was dragged down the street and then run over by his towed van. American Lenders' employees in the tow truck were aware of Massengill's plight but sped away.

The Massengills filed suit for his injuries. INB filed a motion for summary judgment which was granted. The legal theory of INB's motion was that American Lenders was acting in the capacity of an independent contractor and that no liability can attach to INB for American Lenders' negligence.

▮ Massengills state the issues as being:

1. Does Indiana National Bank and their relationship with American Lenders fall within the exceptions to the independent contractor rule thus making them jointly and severally liable for the actions and/or omissions of American Lenders?

2. Were Indiana National Bank's actions such that a question of fact exists as to whether or not they can be held liable based on their own negligence?

Initially, we note that it appears that there is no controversy that American Lenders was an independent contractor. Additionally, we believe that there is no serious question that INB could rightfully repossess the van.

*Hale v. Peabody Coal Company* (1976), 168 Ind.App. 336, 343 N.E.2d 316 catalogs five exceptions to the independent contractor rule. Massengills argue that three of those exceptions apply to the facts of this case. Because we reverse we need to discuss only that exception which deals with a party who is charged by law with a specific duty.

In considering the Massengills' argument, we regard IND. CODE 26–1–9–503 as relevant. It states in part:

Unless otherwise agreed, a secured party has on default the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process *if this can be done without breach of the peace....* (Emphasis added.)

The facts of this case, as they relate to the actual repossession, bear a striking similarity to those in *Nicholson's Mobile Home Sales v. Schramm* (1975), 164 Ind. App. 598, 330 N.E.2d 785. In *Nicholson's* the conduct of the repossessor amounted to a breach of the peace. Additionally, an examination of *Census Federal Credit Union v. Wann* (1980), Ind.App., 403 N.E.2d 348, reveals:

> Analysis of the above authorities reveals no substantial conflict. They reveal to us, in regard to the right of a secured party to repossess a chattel upon default without resort to judicial process pursuant to Ind.Code 26–1–9–503, a proscription of a secured party's use of force, intimidation, or harassment in the repossession of a chattel. The secured party may not in the process of repossession break into or enter into homes or other buildings or enclosed spaces, or commit any crime against the defaulting party, or disturb the peace, or otherwise commit any breach of the peace. Repossession upon default is not, in and of itself, a criminal trespass under Ind.Code 35–43–2–2(4). Consent for the repossession of the chattel by the defaulting party is not necessary. The secured party may, in repossession without judicial process under Ind.Code 26–1–9–503, take a chattel off a street, parking lot or unenclosed space. However, even in the attempted repossession of a chattel off a street, parking lot or unenclosed space, if the repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court. We approve the reasoning contained in these authorities.

403 N.E.2d at 351, 352.

■ Both Indiana case and statutory law make it clear that repossession of a secured chattel must be accomplished without breaching the peace. A clear statutory duty is present.

The incident occurring during the repossession is the situation which I.C. 26–1–9–503 seeks to prevent.

The significance of this, as it relates to the independent contractor rule, is that the contractee, INB in this case, cannot delegate a statutory duty to an independent contractor and then be released from liability in the event the independent contractor fails to perform that duty. 41 Am.Jur.2d, *Independent Contractors* § 38 (1968). The case of *Allison v. Huber, Hunt & Nichols, Inc.* (1977), 173 Ind.App. 41, 362 N.E.2d 193 at 195–96 holds that a party may have imposed upon him by statute a duty for the safety of third persons that is not abrogated in the presence of an intervening independent contractor.

We conclude that the breach of the statutory duty imposed by I.C. 26–1–9–503 by the independent contractor, American Lenders, is sufficient to invoke the appropriate exception to the independent contractor rule. Accordingly, INB is not entitled to a summary judgment as a matter of law.

INB also raises the question of whether Massengills have waived any error by failing to raise and argue in their brief the existence of material fact. Ind. Trial Rule 56(C) requires that no genuine issue of fact exist, and that the moving party be entitled to judgment as a matter of law. It is the absence of the latter that Massengills rely upon. As a result, we see no error or waiver.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

STATON and HOFFMAN, JJ., concur.