Kelli BIRRELL and Michael Birrell,
Appellants–Plaintiffs,

v.

INDIANA AUTO SALES & REPAIR,
et al., Appellee–Defendant.

No. 20A03–9801–CV–21.

Court of Appeals of Indiana.

June 18, 1998.

Daniel H. Pfeifer, Jon A. Criss, Sweeney, Pfeifer & Morgan, South Bend, for Appellants–Plaintiffs.

Claire M. Konopa, Robert J. Konopa, Konopa & Murphy, South Bend, for Appellee–Defendant.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Plaintiffs Kelli and Michael Birrell ("Birrell") appeal the summary judgment entered in favor of Appellee–Defendant Indiana Auto Sales & Repair ("Dealer") in Birrell's lawsuit for the personal injuries suffered as a result of the negligence of an employee of an independent contractor hired by Dealer to repossess an automobile. We affirm.

### Issues [1]

Birrell raises two issues which we restate as follows:

I. Whether Dealer breached a nondelegable statutory duty when its independent contractor permitted an underaged, unlicensed driver to repossess an automobile and the unlicensed driver then drove the repossessed car recklessly.

II. Whether repossessing an automobile is an act which would probably cause injury to others unless due precaution is taken to avoid harm.

### Facts/Procedural History

The facts most favorable to nonmovant Birrell reveal that Dealer paid an independent contractor thirty dollars ($30.00) to repossess an automobile. The independent contractor directed a fifteen (15) year-old boy who did not have a driver's license to pick up the car. The boy repossessed the car in question, drove it in excess of the speed limit, and crashed it into the rear-end of the car driven by Kelli Birrell resulting in her serious, personal injuries.

The trial court granted Dealer's motion for summary judgment ruling that Dealer was not responsible for the torts of its independent contractor.[2] This appeal followed.

### Discussion and Decision

#### Standard of Review

As stated in *Stevenson v. Hamilton Mutual Insurance Company*, 672 N.E.2d 467 (Ind. Ct.App.1996), *trans. denied:*

> In reviewing a motion for summary judgment, this court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. Once the movant for summary judgment has established that no genuine issue of material fact exists by submission of materials contemplated by T.R. 56, the nonmovant may not rest on his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred.

672 N.E.2d at 470–71 (Citations omitted).

#### *Liability for the Torts of an Independent Contractor*

In general, a principal is not liable for the negligence of an independent contrac-

---

1. We reject Dealer's contention that the trial court's order does not represent a final, appealable judgment under Ind. Trial Rule 54(B). Assuming without conceding that the order was defective, any technical noncompliance with the trial rule is harmless. *See Chesterfield Management, Inc. v. Cook*, 655 N.E.2d 98, 100 (Ind.Ct. App.1995), *trans. denied.*

2. Trial court findings in summary judgment proceedings merely afford the reviewing court a statement of reasons for the trial court's decision and serve no other purpose. *Dague v. Fort Wayne Newspapers, Inc.*, 647 N.E.2d 1138, 1140 (Ind.Ct.App.1995), *trans. denied.*

tor. *Bagley v. Insight Communications Co., L.P.,* 658 N.E.2d 584, 586 (Ind.1995). However, an employer of an independent contractor may be subject to liability for personal injuries caused by the employer's negligent hiring of an independent contractor under one of the five following exceptions:

> (1) where the contract requires the performance of intrinsically dangerous work; *(2) where the principal is by law or contract charged with performing the specific duty;* (3) where the act will create a nuisance; (4) *where the act to be performed will probably cause injury to others unless due precaution is taken;* and (5) where the act to be performed is illegal.

*Id.* at 586–87 (emphasis added); *Carie v. PSI Energy, Inc.,* 694 N.E.2d 729, 734 (1998). These exceptions represent "specific, limited situations in which the associated duties are considered non-delegable" because. they are so important to the community that the employer should not be permitted to transfer them to another. *Bagley,* 658 N.E.2d at 587–88; *Red Roof Inns, Inc. v. Purvis,* 691 N.E.2d 1341, 1344 (Ind.Ct.App.1998), *trans. pending.*

### I. Statutory Duty Imposed upon Repossession of Automobiles

Indiana Code § 26–1–9–503 reads:

> Unless otherwise agreed, a secured party has on default the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process *if this can be done without breach of the peace.* . . .

(emphasis added). In *Massengill v. Indiana National Bank,* 550 N.E.2d 97 (Ind.Ct.App. 1990), a bank employed an independent contractor to repossess an automobile. The debtor attempted to prevent the independent contractor from repossessing the automobile and was seriously injured after having become entangled in the machinery of the tow truck, dragged down the street, and run over by the automobile being towed. *Id.* at 98.

We held that the bank could be held liable for the negligence of its independent contractor because the repossession was not accomplished without a breach of the peace in violation of IND.CODE § 26–1–9–503. *Id.* at 99.

▬ Birrell points out that the independent contractor and his minor employee violated yet other statutes. An applicant for a driver's license must be at least sixteen (16) years and thirty (30) days old. IND.CODE § 9–24–3–2(1)(A). The operation of a motor vehicle by a person who has never obtained a driver's license is prohibited by IND.CODE § 9–24–18–1. Moreover, a person having control over an automobile is prohibited from permitting a person without a driver's license to operate that automobile. IND.CODE § 9–24–18–3 & 4. Violation of these statutes may result in civil liability. *See Nesvig v. Town of Porter,* 668 N.E.2d 1276, 1285 (Ind.Ct.App. 1996).

Birrell contends that the peace was breached because 1) the independent contractor violated IND.CODE § 9–24–18–3 & 4 when he sent an unlicensed driver to pick up the car, and 2) the unlicensed driver exceeded the speed limit and drove recklessly after repossessing the car. Accordingly, Birrell reasons that a nondelegable duty imposed under IND.CODE § 26–1–9–503 was violated so as to extend liability to Dealer. We disagree.

▬ The commercial code does not define the term "breach of peace" in the context of § 9–503. However, to avoid breaching the peace, "[t]he general rule is that the creditor cannot utilize force or threats, cannot enter the debtor's residence without consent, and cannot seize any property over the debtor's objections." J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988).[3] In *Jordan v. Citizens & Southern National Bank,* 278 S.C. 449, 298 S.E.2d 213 (1982), the driver who repossessed a truck violated various traffic

---

3. The general definition of the term "breach of peace" under Indiana law is more broad and includes all violations of public peace, order, or decorum. *State v. Hart,* 669 N.E.2d 762, 764 (Ind.Ct.App.1996); *Census Federal Credit Union v. Wann,* 403 N.E.2d 348, 350 (Ind.Ct.App.1980).

A breach of the peace is a violation or disturbance of the public tranquility or order, and includes breaking or disturbing the public peace by any riotous, forceful, or *unlawful* proceedings. *Id.* (emphasis added).

ordinances and drove recklessly in speeding away from the debtor who followed in another vehicle. The *Jordan* court held that, even assuming the conduct constituted a breach of peace, the repossession nevertheless did not violate § 9–503 of the South Carolina commercial code because:

> [t]he breach of the peace as contemplated by the statute and our cases refers to conduct at or near and/or incident to the seizure of the property.

298 S.E.2d at 214. In *Wallace v. Chrysler Credit Corporation,* 743 F.Supp. 1228 (W.D.Va.1990), the court noted that most courts have held the peace has been breached within the meaning of U.C.C. § 9–503 if there has been violence, the threat of violence, or if the creditor has broken and entered the debtor's residence or other building. *Id.* at 1232. The *Wallace* court, relying on *Jordan,* 298 S.E.2d at 214 (discussed above), held that the mere violation of traffic regulations was not an incitement to violence or a breach of the peace. 743 F.Supp. at 1233.

 Indiana case law is consistent with these decisions because, in determining whether a breach of peace has occurred during repossessions, our cases have suggested that the breach of peace must occur contemporaneously with or incidentally to the "actual" repossession. *See Massengill,* 550 N.E.2d at 99; *Census Federal Credit Union v. Wann,* 403 N.E.2d 348, 351 (Ind.Ct.App. 1980) (U.C.C. § 9–503 proscribes the use of force, intimidation, or harassment in the repossession of a chattel); *Nicholson's Mobile Home Sales v. Schramm,* 164 Ind.App. 598, 330 N.E.2d 785, 790 (1975) (assault and battery committed upon person in possession of mobile home during its repossession); *Singer Sewing Machine Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793, 796 (1911) (repossession must be accomplished without violence or force). Therefore, we agree with the *Jordan* and *Wallace* courts that the prohibition against committing a breach of the peace as imposed by the commercial code requires more than merely proceeding unlawfully in violation of unrelated statutes. Accordingly, while the driver for the independent contractor in the present case was underage, with-

out license and drove recklessly after repossessing the car, there was no breach of the peace incident to the actual repossession of the car that would constitute a violation of IND.CODE § 26–1–9–503.

## II. Probability of Causing Injury During Repossession

Birrell next argues that liability should extend to Dealer under the fourth exception to the general rule. This exception provides that an employer is negligent in hiring an independent contractor where the act to be performed will probably cause injury to others unless due precaution is taken. Here, Birrell asserts that repossessions will probably cause injury to others unless due precaution is taken. Birrell points out that it is commonplace and therefore foreseeable that debtors facing the repossession of their property will become enraged and physically resist repossessions. While this may be true on occasion, those are not the facts in this particular case. Consequently, we again must disagree that Birrell's argument supports the extension of liability to Dealer in the present case.

 As discussed above, IND.CODE § 26–1–9–503 already requires that repossessions be accomplished without a breach of the peace. Liability is already extended to the employers of independent contractors who commit a breach of the peace during repossession. *See Massengill,* 550 N.E.2d at 99. We cannot conclude that there is anything intrinsically dangerous or that there is a high probability that injuries will occur where repossessions are accomplished without a breach of the peace.

Accordingly, we conclude that the trial court correctly determined that Dealer was not liable for the torts of its independent contractor under the present circumstances. Therefore, the trial court did not err in awarding summary judgment in favor of Dealer.

Affirmed.

NAJAM and RILEY, JJ., concur.