**Robin R. MAY, Appellant–Plaintiff,**

**v.**

**Kim FRAUHIGER, Herman Frauhiger, and Whirlpool Quickclean Sales, Appellees–Defendants.**

**No. 43A03–9809–CV–398.**

Court of Appeals of Indiana.

Sept. 27, 1999.

---

Thomas N. O'Malley, Barnes & Thornburg, Fort Wayne, Indiana, Attorney for Appellant.

Larry D. Beeson, Dalton & Beeson, Warsaw, Indiana, Attorney for Appellees.

## OPINION

BAKER, Judge

Appellant-plaintiff Robin R. May appeals the trial court's partial grant of summary judgment in favor of appellees-defendants Kim and Herman Frauhiger and Whirlpool Quickclean Sales (collectively, Frauhiger) with regard to May's claim for defamation and for tortious interference with a contract or with a business relationship. Specifically, May contends that the trial court erred when it found that no genuine issues of material fact existed where Frauhiger failed to appropriately designate evidentiary matters for the trial court's consideration, where May's designated evidence supported a reasonable inference that Frauhiger, her former employer, abused its qualified privilege in making remarks to May's potential future employer, and where Frauhiger failed to meet its burden in demonstrating that there exists no genuine issue of material fact regarding May's claims of tortious interference with a contract or with a business relationship.

### FACTS

The facts most favorable to May, the nonmoving party, reveal that May began working for Frauhiger in August or September of 1994. Her duties in Frauhiger's mini-warehouse rental office included renting mini-warehouses, receiving rent payments, answering phones, performing clerical work, calling delinquent accounts and helping other office personnel. May was never given any reason to believe her job performance was less than satisfactory to her employers. She was never disciplined or reprimanded for any reason. In April 1996, Frauhiger advised May that she would no longer be employed due to an office reorganization. May was given two weeks notice and worked until her termination date. Frauhiger paid May for earned vacation time and also provided her with severance pay.

In October 1996, May began working at 360 Cellular as a temporary employee. In December 1996, 360 Cellular conducted an employee screening through Corporate Screening Services, Inc., in anticipation of offering May a permanent position. As part of its background report regarding May, Corporate Screening employee Dennis Drellishak telephoned Kim Frauhiger for a reference. Based upon Kim Frauhiger's remark that May had "sticky fingers," Drellishak's report concluded that May was terminated because she had taken "an unconfirmed amount of money from the company." Record at 70.[1] Drellishak's report further informed 360 Cellular that May was considered ineligible for re-hire by her former employer and stated that no other information was available.

In early December 1996, May learned the results of the screening report and concluded that a mistake had been made because she had not had any indication from Frauhiger that it suspected her of taking money. May contacted Frauhiger to correct the mistake because 360 Cellular still wished to employ her if she could clear her record. However, Kim Frauhiger informed May of his remarks to Drellishak and refused to retract them. Frauhiger presented no proof that May had stolen any money and merely stated that some money was missing before she left. Thus, at the time of the screening inquiry and May's subsequent inquiry, Frauhiger's responses led May and Drellishak to conclude that she had been fired due to Frauhiger's belief that she had stolen an unconfirmed amount of money.

On January 28, 1997, May brought an action against Frauhiger alleging defamation, tortious interference with a contract or, alternatively, tortious interference with a business relationship. Frauhiger filed a motion to dismiss, which the trial court

---

1. Kim Frauhiger admits to stating that May had "sticky fingers." However, there remains a dispute as to whether Frauhiger told Drellishak that May was fired for having stolen money.

denied. Frauhiger then filed an answer and counterclaim for attorney fees, asserting that May's complaint stated frivolous, unreasonable, and groundless claims. Frauhiger subsequently filed a motion for summary judgment and memorandum in support. May then filed a motion in opposition to Frauhiger's motion for summary judgment, a designation of material issues of fact and a memorandum of law in support of her response to the motion for summary judgment. Frauhiger then filed an amended motion for summary judgment on July 2, 1998, to include the designations of material that were omitted from the original motion. The designations were to pleadings, an affidavit, and the memorandum in support of summary judgment, all in the entirety.

In moving for summary judgment, Frauhiger presented an affidavit which stated that it had noticed a shortage of cash, namely seven dollars missing in November 1995, and twenty dollars missing in March 1996. Frauhiger stated that it had "investigated the matter further and concluded that Robin R. May was responsible for the cash shortage." R. at 46. The record reveals nothing more about the nature of the investigation, except that Frauhiger never questioned May or any other employee about the missing cash. Neither did Frauhiger make any entry in the general ledger writing off any stolen money. As a result of Frauhiger's comments to Drellishak, May lost her position at 360 Cellular.

Following a hearing on the motion for summary judgment held on July 30, 1998, the trial court issued an order granting partial summary judgment in favor of Frauhiger on all three of May's claims. However, it denied summary judgment on Frauhiger's counterclaim against May. May now appeals.

### DISCUSSION AND DECISION

#### I. Standard of Review

Summary judgment is appropriate only if the designated evidentiary material shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing a motion for summary judgment, we seek to ensure that the nonmovant has not been improperly denied his or her day in court. *Mortgage Consultants, Inc. v. Mahaney,* 655 N.E.2d 493, 494 (Ind.1995). All pleadings, affidavits, and testimony are construed liberally and in the light most favorable to the nonmoving party. *Id.*

Even where facts are undisputed, summary judgment is not proper if those undisputed facts "give rise to conflicting inferences which would alter the outcome." *Underwood v. City of Jasper Mun. Util.,* 678 N.E.2d 1280, 1282 (Ind.Ct. App.1997), *trans. denied* (citing *Bochnowski v. Peoples Fed. Sav. & Loan Ass'n,* 571 N.E.2d 282, 285 (Ind.1991)). Furthermore, even if the trial court believes that the nonmoving party will not prevail at trial, it may not enter summary judgment where material facts conflict or conflicting inferences arise from undisputed facts. *General Motors Corp. v. Northrop Corp.,* 685 N.E.2d 127, 132 (Ind.Ct.App.1997), *trans. denied.* A trial court's grant of summary judgment is clothed with a presumption of validity. *Indiana Dept. of State Revenue v. Bethlehem Steel Corp.,* 639 N.E.2d 264, 266 (Ind.1994). The appellant bears the burden of demonstrating that the trial court erred. *Rosi v. Business Furniture Corp.* 615 N.E.2d 431, 434 (Ind.1993). However, we must carefully scrutinize the trial court's determination. *Shallenberger v. Scoggins–Tomlinson, Inc.,* 439 N.E.2d 699, 708 (Ind.Ct.App. 1982). The role of the reviewing court is to ensure that the trial court did not improperly deny the appellant his or her day in court. *Underwood,* 678 N.E.2d at 1282.

#### II. Whether Material Issues of Fact Exist

Because we find the issue to be dispositive, we need only address May's conten-

tion that the trial court erred when it did not find that May's designated material supported a reasonable inference that Frauhiger abused the qualified privilege defense which it enjoyed in speaking to a prospective employer.[2] Specifically, May argues that, where the designated evidence permits a reasonable inference that qualified privilege may have been abused, the question should be submitted to a jury. Thus, May maintains that summary judgment regarding her claim of defamation was inappropriate.

The common law doctrine of qualified privilege is a defense to a claim of defamation.[3] *Bals v. Verduzco*, 600 N.E.2d 1353, 1356 (Ind.1992). Qualified privilege protects "communications made in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty, either public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty." *Van Eaton v. Fink*, 697 N.E.2d 490, 495 (Ind.Ct.App.1998). We have held that qualified privilege applies to employee references and responses to requests for employee appraisals made by former employers to prospective employers. *van de Leuv, M.D. v. Methodist Hosp. of Indiana, Inc.*, 642 N.E.2d 531, 536 (Ind.Ct.App. 1994).

However, qualified privilege does not confer a right to make statements without believing that they are true, or without grounds for belief in their truth. *Bals*, 600 N.E.2d at 1356. Rather, making such statements constitutes abuse of qualified privilege, and when abused, the privilege is lost. *Id.* The act of making statements "without belief or grounds

for belief" has been equated to reckless disregard for the truth or falsity of a statement. *Chambers v. American Trans. Air, Inc.*, 577 N.E.2d 612, 617 (Ind.Ct.App. 1991), *trans. denied; Olsson v. Indiana Univ. Bd. Of Trustees*, 571 N.E.2d 585, 588 (Ind.Ct.App.1991), *trans. denied.* Once a defendant proves that qualified privilege exists for his statements, the plaintiff has the burden of proving that the privilege has been abused, and that the elements of the defense to a claim of defamation are not established. *Id.* If the plaintiff raises sufficient evidence of abuse of privilege, and if different inferences and conclusions reasonably may be drawn from the evidence, then the question of abuse of privilege should be submitted to the jury. *Olsson*, 571 N.E.2d at 588 (citing *Shallenberger*, 439 N.E.2d at 707).

In this case, the designated evidence reveals that May received no negative feedback from her employer during her employment with Frauhiger. R. at 55, 82. May was told that her employment would be terminated due to office reorganization. R. at 55, 82. She received payment for earned vacation time and severance pay. R. at 9. Frauhiger never mentioned missing cash to any employee including May and never questioned anyone about the circumstances in which the cash was missing. R. at 46, 73. Frauhiger did not record into its general ledger any notice of the missing cash. R. at 111–69. The record also has not revealed any evidence regarding the nature of Frauhiger's investigation, but merely an assertion that an investigation was made and that a conclusion was drawn. R. at 46. We find the designated evidence sufficient to permit a reasonable inference that

---

**2.** May correctly points out the deficiencies in Frauhiger's designation of evidentiary matters supporting its motion for summary judgment, as required by Ind. T.R. 56(C). However, because we are deciding the substantive matters which would remain after a properly amended motion for summary judgment, we decline to review the procedural issues raised by May.

**3.** A claim of defamation must satisfy the following elements: a defamatory communication; made with malice; publication of the communication; and damages. *Schrader v. Eli Lilly & Co.*, 639 N.E.2d 258, 261 (Ind. 1994).

Frauhiger may have abused the defense of qualified privilege. Because the facts give rise to such an inference, the question of abuse of qualified privilege should be submitted to a jury. *See Shallenberger*, 439 N.E.2d at 707.

May also contends that the trial court erred in granting summary judgment in favor of Frauhiger regarding her claims of tortious interference with a business relationship or, alternatively, with a contract. Frauhiger and May appear to agree that these claims will be defeated if Frauhiger is found to be protected by qualified privilege, for each of these claims involves an element of absence of justification. We agree with both parties that this element would tend to be negated by a finding that Frauhiger was protected by qualified privilege. Because the issue of qualified privilege and its possible abuse have yet to be decided, we conclude that May's alternative claims of tortious interference must remain for trial. Therefore, we reverse the partial award of summary judgment in favor of Frauhiger and remand to the trial court.

Judgment reversed and remanded.

SHARPNACK, C.J., and MATTINGLY, J., concur.