**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**KENT A. EASLEY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JANINE STECK HUFFMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENT A. EASLEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1202-PL-220 |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, et al., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1109-PL-35976

**September 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Kent A. Easley, *pro se*, appeals the dismissal of his lawsuit against the Indiana Department of Correction (the "DOC"), the Receptive Diagnostic Center (the "RDC"), and the Plainfield Correctional Facility (collectively, "Appellees"). Easley raises a number of issues which we consolidate and restate as whether the trial court erred in granting Appellees' motion to dismiss. We affirm.

The relevant facts follow. In December 2000, Easley pled guilty pursuant to a plea agreement to two counts of dealing cocaine as class B felonies and possession of marijuana as a class A misdemeanor in Shelby County Superior Court, and the trial court sentenced Easley to an aggregate term of twenty years with ten years executed and ten years suspended to probation.

In June 2007, a probation officer filed a petition to revoke Easley's probation, and following fact-finding and dispositional hearings, the court found that Easley violated his probation and ordered that Easley serve three of the ten years of his previously-suspended sentence, gave Easley credit for time served, and ordered that probation continue following his release. On appeal from the revocation of his probation, Easley presented ten issues, and this court remanded solely for a determination of Easley's total jail credit time and otherwise affirmed the court's revocation determination. Easley v. State, No. 73A04-0810-CR-580 (Ind. Ct. App. August 4, 2009). The Shelby County Superior Court issued an order modifying its prior sentencing order on September 29, 2009.

The Shelby County Probation Department filed a second petition to revoke Easley's probation on February 24, 2010, which was amended by addendums filed on June 3, 2010, and September 20, 2010. Following a hearing, the Shelby County Superior

2

Court issued an order on December 22, 2010, finding that Easley had violated the terms of his probation and ordered him to serve the remaining seven years of his previously-suspended sentence in the DOC.

On September 16, 2011, Easley filed a civil complaint in the Marion County Superior Court naming as defendants the Shelby County Prosecutor's Office, James Landwerlen, and Kent Apsley; the DOC, Commissioner, Internal Affairs Officers; the RDC, Superintendent, Mr. Brush, and unknown defendants; and the Plainfield Correctional Facility, Superintendent, Internal Affairs Officers, and unknown defendants.[1] In the twenty-four page complaint, Easley alleged a number of claims challenging the actions of Appellees in connection with his probation revocation and continued detention.

Easley filed a motion to dismiss on September 19, 2011, and the court granted the request on October 6, 2011 and dismissed the case. However, Easley continued to file documents in the case, including an application for default judgment entry on October 14, 2011, and the court re-docketed the case on October 21, 2011, noting that the case had been dismissed in error, that the case remained open as to Appellees, and that the motion for default was taken under advisement until Appellees had an opportunity to respond. Counsel for the DOC filed an appearance on November 16, 2011 and moved for an

---

[1] Easley previously filed a separate civil action in the Marion County Superior Court on April 1, 2011, against the State of Indiana, the Shelby County Prosecutor's Office, R. Kent Apsley, J. Brad Landwerlen, the Shelby County Probation Department, Deanna Holder, the Shelby County Superior Court One Clerk, Vicki Franklin, and Carol Stohry. The trial court in that cause ultimately dismissed the action. On appeal, another panel of this court held that the trial court acted within its discretion in dismissing Easley's complaint on the bases that Easley's action effectively sought to have the revocation of his probation overturned and thus constituted a collateral attack and, to the extent Easley sought additional recovery, that the defendant parties had immunity and could not be found liable with regards to Easley's claims. See Easley v. State, No. 49A02-1109-CT-975, slip op. at 3 (Ind. Ct. App. June 8, 2012).

enlargement of time, which the court granted and provided Appellees until December 15, 2011, to respond.

On December 11, 2011, Appellees filed a motion to dismiss Easley's complaint for failure to state a claim upon which relief can be granted and a memorandum in support of its motion. On February 13, 2012, the Marion County Superior Court held a hearing on the motion at which Easley appeared telephonically. At the hearing, Easley stated that his "conviction does not have to be overturned because I am not challenging my sentencing," that he was "challenging the action that DOC was supposed to take after sentencing," that the judge had issued an order "that had a double jeopardy sentencing order on it," that "[i]t had seven years executed, which is a term of sentencing that I've already served," that he was "placed in DOC – or at RDC – so at that time . . . I brought this to their attention so they had the option, under DOC policy, to return me to the court or to keep me there under an illegal sentencing term." Transcript at 2-3. Easley further argued: "What I'm challenging actually is the State of Indiana violations of criminal confinement and kidnapping and these are state claims and they're not federal constitutional claims so I'm not challenging constitutional violations." Id. at 3. The court granted Appellees' motion to dismiss.

Initially, we note that although Easley is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the

4

orderly and proper conduct of [their] appeal." Ankeny v. Governor of State of Ind., 916 N.E.2d 678, 689 (Ind. Ct. App. 2009), reh'g denied, trans. denied (citation omitted).

A complaint may not be dismissed under Ind. Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. McQueen v. Fayette Cnty. Sch. Corp., 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), trans. denied. We view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. Id. When reviewing a trial court's grant of a motion to dismiss, we view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. Id. We will not affirm a dismissal under Ind. Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. Id.

On appeal, Easley raises a number of issues and attempts to make numerous arguments.[2] The State argues in part that Easley waived his claims for failure to make cogent arguments, that his claims related to his conviction in 2000 are barred by the

_____

[2] For instance, Easley states "errors in the judgment of conviction and sentencing order 'PREJUDICE' the Plt.," "Its convincing the I.D.O.C., that the plt. has not completed all his executed term of his plea agreement . . . and therefore the plt. must do 2 years on parole," and "The fact is the plt. has already served all his executed term . . . or he wouldn't of been able to serve his probation term, this is only logically reasoning that a reasonable man can conclude. . . . R.D.C., I.D.O.C. et al refusal to correct the matter is 'prejudicing' the plt. by allowing IDOC. To place a hold or/and a warrant for the plt.'s arrest when he fails to comply with parole terms . . . ." Appellant's Brief at 20-21. Easley states he filed a grievance, the DOC "employees refused to correct the matter when they had the authority to do so," that the DOC "had the 'Duty' . . . to sent the plt. back to the county jail until the abstract and judgment of conviction and sentencing order was completed and corrected," and that Appellees' failure to act when under duty to act "committed the plt. illegally and unlawfully against his will" and "violated the plt. due process and liberty interests rights by keeping him unlawfully detained thereafter." Id. at 21-24. Easley requests this court to "reverse and remand the trial cts. order granting plt.s merited claims and damages to each individual employee and entity." Id. at 24.

satute of limitations, and that Appellees are not persons for purposes of any 42 U.S.C. § 1983 claim made by Easley.  In his reply brief, Easley asserts that he does not argue on appeal and did not argue before the trial court that there was a violation of the United States Constitution or any federal statute.  Easley fails to present cogent argument or develop an argument with respect to many of the issues he attempts to raise on appeal, and accordingly we conclude that those arguments are waived.  See Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); Shane v. State, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument); see also generally Ind. Appellate Rule 46(A)(8)(a) (providing that an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning").

In addition, although stated in various ways, in the instant civil suit, like his previous civil action culminating with this court's opinion in Easley v. State, No. 49A02-1109-CT-975, slip op. at 3 (Ind. Ct. App. June 8, 2012) ("Cause No. 975"), affirming the dismissal of that action, Easley appears to essentially challenge in part his continued incarceration following the court's order that he serve the remainder of his previously-suspended sentence.  In filing the September 16, 2011 civil complaint in the Marion County Superior Court in the instant matter, Easley effectively sought to have the revocation of his probation by the Shelby County Superior Court overturned.  However, the Shelby County Superior Court had exclusive jurisdiction over all matters relating to the probation revocation proceedings, see Grand Trunk W.R. Co. v. Kapitan, 698 N.E.2d

6

363, 366 (Ind. Ct. App. 1998) (noting that the court in which a case is first instituted has exclusive jurisdiction over the case and that, once a court has acquired exclusive jurisdiction over a case, the case is pending in that court within the meaning of Trial Rule 12(B)(8)), trans. denied, and as a result the instant civil action filed in Marion County, to the extent it challenges Easley's continued detention or the order of the Shelby County Superior Court that he serve the remainder of his previously-suspended sentence, constitutes a collateral attack and dismissal of those claims was proper.

Further, like in Cause No. 975, we note that to the extent that Easley's instant action seeks recovery in addition to having the judgment of the Shelby County Superior Court overturned, Appellees have absolute immunity and cannot be found liable with regard to Easley's claims. Absolute judicial immunity extends to persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. Newman v. Deiter, 702 N.E.2d 1093, 1100 (Ind. Ct. App. 1998) (citation omitted), trans. denied. The act of executing or enforcing a court order is a function intrinsically associated with judicial proceedings. Id. Also, a non-judicial officer who acts in furtherance of a valid court order cannot be deprived of immunity. Id. To the extent that Easley's complaint includes a claim that Appellees should be liable for processing the orders of the Shelby County Superior Court revoking his probation and reinstating or ordering him to serve his previously-suspended sentence, we note that "the act of executing or enforcing a court order is a function intrinsically associated with judicial proceedings" making Appellees entitled to immunity. See id.

Accordingly, Appellees were entitled to immunity and could not be found liable to Easley, and dismissal of Easley's claims for damages was proper.

Finally, to the extent Easley argues that the court abused its discretion in failing to grant his motion for default, we note that counsel for the DOC appeared in the case and requested an enlargement of time, which the court granted, a short time after the case was re-docketed. Nevertheless, even if Appellees had not appeared and responded, we find that it would have been unjust for the trial court to enter a default judgment against Appellees because Easley was not entitled to the relief sought in his lawsuit. See Delphi Corp. v. Orlik, 831 N.E.2d 265, 267 (Ind. Ct. App. 2005) (providing that the trial court shall use its discretion to do what is "just" in light of the unique facts of each case), reh'g denied.

Based upon our review of the record and Easley's arguments, we conclude that the trial court did not err in granting Appellees' motion to dismiss and in dismissing Easley's instant civil cause of action against Appellees.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.