CIVIL CITY OF GAS CITY, INDIANA; MAYOR EUGENE LINN, AS THE MAYOR THEREOF: AND ZAN WOOD, LARRY LEACH, JAMES LEACH, LEON BALLINGER AND JAMES O'BRIEN, AS THE MEMBERS OF THE COMMON COUNCIL OF SAID CITY: CARL BOWMAN, AS THE COUNTY ASSESSOR OF GRANT COUNTY, INDIANA: ERNEST NICHOLSON, AS THE COUNTY AUDITOR OF GRANT COUNTY, INDIANA; AND MISSISSINEWA COMMUNITY SCHOOL CORPORATION *v.* EASTBROOK COMMUNITY SCHOOL CORPORATION AND WILLIAM ATKINS, N. J. HAYES, PAUL WHITE, ROBERT FINCANNON AND MARY CATHERINE CLUPPER, AS AND CONSTITUTING ITS BOARD OF TRUSTEES: HARVEY HAYES, AS TOWNSHIP TRUSTEE OF MONROE

TOWNSHIP; NELSON JIM HAYES; AND GRANT COUNTY FORD TRACTOR SALES, INC.

[No. 2-376A117. Filed June 29, 1978.]

*Thomas R. Hunt, David L. Kiley, Kiley, Osborn, Kiley, Harker & Rogers,* of Marion, for appellant, *Lloyd W. Cochran, Wagoner & Cochran,* of Marion, Amicus Curiae for I-69 Industrial Park, Inc., *C. Robert Knight,* of Indianapolis, Amicus Curaie for Indiana Association of Cities and Towns.

*Arden W. Zobrosky,* of Marion, for appellees.

WHITE, J. — The appellees brought a declaratory judgment action against appellants seeking to have an annexation ordinance of the Civil City of Gas City declared invalid. The trial court found that plaintiff Nelson Jim Hayes was a real property owner and taxpayer of the city and concluded that he had standing to maintain the action. The court also found that the territory sought to be annexed was not contiguous to the city

and concluded as a matter of law that the city was without jurisdiction to adopt the ordinance which was therefore void ab initio. The city contends that the court's findings, conclusions and judgment are erroneous.

We affirm.

The ordinance in question purported to annex to the City, both (1) a 103 acre tract of ground located approximately two miles from the preexisting city limits and (2) a line running along the center of State Road No. 22 connecting those limits to the tract. The tract was being developed as an industrial park. None of the plaintiffs lived in the area sought to be annexed but the area itself was included within the boundaries of one of the plaintiffs, a school corporation.

The court made no findings concerning the standing to sue of most of the plaintiffs. Such findings are not needed if the court was correct in finding that the city-taxpayer-plaintiff had the requisite standing. And the court was correct in so finding. The complaint in this cause was not a remonstrance against the annexation ordinance but a declaratory judgment action by a taxpayer. The issue of standing in such cases is ably and thoroughly discussed in *Montagana v. City of Elkhart* (1971), 149 Ind.App. 283, 290-291, 271 N.E.2d 475, 480, wherein the court said, *inter alia:*

> "The action of the common council of a city to annex lands must be considered a proper subject of a taxpayer suit if wastage of public funds is evident or certain to occur as a result of annexation. Wastage in the sense of unauthorized expenditures for services to the annexed area would be certain if the council acted without jurisdiction over the subject matter. For example, according to both statutory and decisional law in this state, the council would lack jurisdiction to act if the land to be annexed is not continguous to the existing boundaries of the city; *Forsythe et al. v. The City of Hammond* (1895), 142 Ind. 505, 40 N.E. 267; . . . ."

The complaint herein alleges, and the court found, that the land sought to be annexed, is not contiguous to the city. This, together with the parties' stipulation that Nelson Jim Hayes is a city taxpayer, is sufficient to establish his standing to maintain this action. *Reafsnyder v. City of Warsaw* (1973), 155 Ind.App. 455, 293 N.E.2d 540.

The parties also stipulated:

"8. That the annexed real estate ... was not contiguous to the boundary of the City of Gas City on the date of adoption of General Ordinance No. 1-1972; that said real estate is connected to the City of Gas City by a line running down the center line of State Road 22 between the City of Gas City and the annexed territory, a distance of approximately 10,838 feet, and which line is of no measurable width; ...."

That stipulation adequately supports the court's finding that the territory "is not at any point contiguous to the boundary of the City of Gas City." In *Reafsnyder, supra,* 155 Ind.App. at 464, 293 N.E.2d at 545, the court said, "if an alleged contiguity is superficial, a subterfuge or a pretext to extend boundaries which results in a territorial appendage that has little relationship to the compactness and unity of the city, the annexation is invalid." Having found that the territory sought to be annexed was not contiguous the trial court was correct in holding as a matter of law that the city council was without jurisdiction and that the annexation ordinance was void.

The City and the Indiana Association of Cities and Towns, as *amicus curiae,* argue that the court held that annexations characterized as "lasso" annexations are *per se* illegal, or illegal as a matter of law. They direct our attention to a number of cases from various jurisdictions wherein territory joined to the annexing city by a narrow strip or corridor of land was held to be contiguous. *See, e.g., City of Houston v. Houston Endowment, Inc.* (1968, Texas Civil App.), 428 S.W.2d 706; *Village of Saranac Lake v. Gillispie et al.* (1941), 261 App.Div. 854, 24 N.Y.S.2d 403.[1] They contend that *Reafsnyder, supra,* held that contiguity was a question of fact and that the trial court herein erred in holding that "as a matter of law" the line down the center of State Road 22 was insufficient to make the annexed area contiguous. *Reafsnyder* was decided below on a motion to dismiss. Here the case was tried on a stipulation of facts which fully supports both the finding as a fact, and the conclusion as a matter of law, that the purportedly annexed area is not contiguous.

---

1. *But see, In Re Village of Buffalo Grove* (1970), 128 Ill. App.2d 261, 261 N.E.2d 746, and cases cited therein; and *Clark v. Holt* (1951), 218 Ark. 504, 237 S.W.2d 483.

The judgment is Affirmed.

Buchanan, C.J., concurs. Staton, J., participating by designation, concurs.

NOTE — Reported at 377 N.E.2d 424.