**In re REMONSTRANCE APPEALING ORDINANCE NOS. 98–004, 98–005, 98–006, 98–007 AND 98–008, OF THE TOWN OF LIZTON, Indiana.**

**Reece R. and Carolyn S. Fuehrer, and Gary and Bonnie J. DeGolyer, Appellants–Intervenors,**

**and**

**Town of Lizton, Indiana, Defendant,**

**v.**

**William and Concetta Storm and Anna Shelton, Appellees–Plaintiffs–Remonstrators.**

**No. 32A01–0108–CV–298.**

Court of Appeals of Indiana.

June 6, 2002.

Judy L. Woods, Melinda R. Shapiro, Bose McKinney & Evans, LLP, Indianapolis, IN, Attorneys for Appellants.

Jeffrey A. Townsend, Plews Shadley Racher & Braun, Indianapolis, IN, Attorney for Appellees.

## OPINION

KIRSCH, Judge.

Reece R. and Carolyn S. Fuehrer and Gary and Bonnie J. DeGolyer ("Landowners") challenge the trial court's judgment holding certain annexation ordinances of the Town of Lizton, Indiana void, raising the following issues for review:

I. Whether William and Concetta Storm and Anna Shelton ("Remonstrators") have standing to challenge the ordinances.

II. Whether the trial court erred in denying Landowners' motion to strike portions of the affidavit of William Storm as legal conclusions and statements not based on personal knowledge.

III. Whether a municipality may meet the contiguity requirement of IC 36–4–3–1.5 by serially adopting ordinances annexing parcels that are contiguous to one another when only the first is contiguous to the municipality.

IV. Whether the trial court erred by sua sponte finding a taking or condemnation of property as a result of the annexation.

In addition, Remonstrators raise the following issue:

V. Whether Landowners' appeal is frivolous and therefore entitles Remonstrators to costs pursuant to Ind. Appellate Rule 66(E).

We affirm.

### FACTS AND PROCEDURAL HISTORY [1]

The following facts are taken from this court's opinion in the previous appeal:

"On May 4, 1998, the Town of Lizton ("the Town' adopted five ordinances, each of which annexed separate parcels of land. The five parcels were designated as parcels one, two, three, four, and five. Parcel one is contiguous to the Town's borders, but the other four are not. Landowners own parcels three, four, and five.

On July 13, 1998, Remonstrators filed suit against the Town seeking a declaratory judgment that the five annexation ordinances were void. On January 25, 1999, Landowners moved for the trial court's permission to intervene in the suit, alleging that the annexation dispute would have a material impact on the value of their property. On March 5, 1999, Remonstrators filed a motion for partial judgment on the pleadings, challenging the annexation of parcels two, three, four, and five.

The trial court held a hearing on Landowners' motion to intervene on March 23, 1999. At that hearing, the Town announced that it did not oppose Remonstrators' motion for partial judgment on the pleadings. Subsequently, the trial court issued an order in which it denied Landowners' motion to intervene and granted Remonstrators' motion for partial judgment on the pleadings. The trial court later dismissed the case...."

*In re Remonstrance Appealing Ordinance Nos. 98–004, 98–005, 98–006, 98–007 and 98–008 of Town of Lizton,* 737 N.E.2d 767, 768 (Ind.Ct.App.2000).

In the prior appeal, this court held that Landowners were entitled to intervene because neither party in the litigation represented their interests. *Id.* On remand, Landowners moved to intervene and moved for summary judgment. Remonstrators moved the trial court to reenter judgment on the pleadings and submitted the affidavit of William Storm in support of their motion. Landowners responded by moving to strike Paragraphs Eight and Nine of the affidavit.

The trial court issued findings of fact and conclusions thereon in which it granted Landowners' motion to intervene, denied Landowners' motion to strike, denied Landowners' motion for summary judgment, and granted Remonstrators' motion to reenter judgment on the pleadings, effectively declaring the ordinances annexing Parcels Two through Five null and void.

Landowners now appeal.

---

1. We held oral argument in this case in Indianapolis on March 7, 2002. We commend counsel for the quality of their written and oral arguments.

## DISCUSSION AND DECISION

 The trial court granted Remonstrators' motion to re-enter judgment on the pleadings and denied Landowners' motion for summary judgment. A motion for judgment on the pleadings pursuant to Ind. Trial Rule 12(C) attacks the legal sufficiency of the pleadings. *Eskew v. Cornett*, 744 N.E.2d 954, 956 (Ind.Ct.App. 2001), *trans. denied.* A judgment on the pleadings is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly establish that the non-moving party cannot in any way succeed under the facts and allegations therein. *Id.* Ind. Trial Rule 12(C) provides:

> "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Here, Remonstrators submitted the Storm affidavit, a matter outside the pleadings, with their motion. Thus, the motion should be treated as one for summary judgment.

 The trial court entered extensive findings of fact and conclusions of law. While normally the requested entry of specific findings and conclusions triggers a different standard of review, it does not do so in summary judgment proceedings. *Hemingway v. Sandoe*, 676 N.E.2d 368, 369 (Ind.Ct.App.1997). By its very nature, a summary judgment is a judgment entered when there are no genuine issues of material fact to be resolved. *Id.* Thus, in the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions of law. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.* Hence, we employ our usual standard of review for cases disposed of by summary judgment. *Id.*

When reviewing the grant or denial of a summary judgment motion, this court applies the same legal standard as the trial court, i.e., summary judgment is appropriate when no designated genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Indiana Ins. Co. v. Am. Cmty. Servs., Inc.,* 718 N.E.2d 1147, 1152 (Ind.Ct.App.1999); *May v. Frauhiger,* 716 N.E.2d 591, 594 (Ind.Ct.App.1999) (citing Ind. Trial Rule 56(C)); *Birrell v. Indiana Auto Sales & Repair,* 698 N.E.2d 6, 7 (Ind.Ct.App.1998), *trans. denied* (quoting *Stevenson v. Hamilton Mut. Ins. Co.,* 672 N.E.2d 467 (Ind. Ct.App.1996), *trans. denied* (1997)). A party appealing the denial of summary judgment carries the burden of persuading this court that the trial court's decision was erroneous. *Indiana Ins. Co.,* 718 N.E.2d at 1152. The movant must demonstrate the absence of any genuine issue of fact as to a determinative issue and only then is the non-movant required to come forward with contrary evidence. *Id.* (citing *Jarboe v. Landmark Cmty. Newspapers,* 644 N.E.2d 118, 123 (Ind.1994)). This court may not search the entire record but may only consider the evidence that has been specifically designated. *Id.; Birrell,* 698 N.E.2d at 7 (quoting *Stevenson,* 672 N.E.2d at 467).

All pleadings, affidavits, and testimony are construed liberally and in the light most favorable to the nonmoving party. *May,* 716 N.E.2d at 594. Even when facts are undisputed, summary judgment is not appropriate if those undisputed facts

" 'give rise to conflicting inferences which would alter the outcome.' " *Id.* (quoting *Underwood v. City of Jasper Mun. Util.,* 678 N.E.2d 1280, 1282 (Ind.Ct.App.1997), *trans. denied* ).

The annexation of land by municipalities is governed by IC 36–4–3–1 to IC 36–4–3–22. *City of Muncie v. Lowe,* 705 N.E.2d 528, 530 (Ind.Ct.App.1999), *trans. denied.* Generally, the annexation process formally begins when a municipality adopts an ordinance annexing territory pursuant to either IC 36–4–3–3 or IC 36–4–3–4. *Id.* The legislative adoption of the ordinance is followed by an opportunity for remonstrance by affected landowners and judicial review. *City of Hobart v. Chidester,* 596 N.E.2d 1374, 1375 (Ind.1992). A remonstrance abates the culmination of the annexation pending a review by the courts and places upon the municipality the burden of sustaining the annexation in the courts as provided by statute. *City of Indianapolis v. Wynn,* 239 Ind. 567, 576, 157 N.E.2d 828, 833 (1959). At the remonstrance hearing, the burden is on the municipality to demonstrate its compliance with the annexation statutes. *In re Matter of Annexation Ordinance No. X–07–91 (Blackhawk Annexation),* 645 N.E.2d 650, 652 (Ind.Ct.App.1995), *trans. denied.*

## I. Standing

Landowners contend that Remonstrators lack standing to challenge the ordinances. Remonstrators William and Concetta Storm own a small percentage of Parcel Two, and Remonstrator Anna Shelton is a taxpayer of the city of Lizton, but does not own any property in or adjoining the proposed annexation.

A party seeking relief from annexation must have the proper standing. *Deaton v. City of Greenwood,* 582 N.E.2d 882, 885 (Ind.Ct.App.1991). The issue of standing focuses on whether the complaining party is the proper person to invoke the court's power and is designed to assure active and vigorous litigation. *Id.* To have standing, a party must demonstrate a personal stake in the outcome of the lawsuit and must show, at a minimum, the immediate danger of sustaining some direct injury as a result of the conduct at issue. *Id.* Further, one may not assert a cause of action based solely on the infringement of the rights of others. *Id.*

### A. Right to Remonstrate

Landowners note that an annexation may only be challenged by statutory remonstrance or declaratory judgment. They further contend that the Storms do not meet the requirements to bring a statutory remonstrance. Two statutes provide a right of statutory remonstrance: IC 36–4–3–11 and IC 36–4–3–15.5.

The version of Section 11 in effect in 1998 gave a right of remonstrance to a majority of the landowners in the annexed territory or the owners of more than seventy-five percent in assessed valuation of the land in the annexed territory.

The record discloses that the Storms own less than one percent (1%) of Parcel Two, upon which part of their barn sits. The remaining land in Parcel Two is owned by others. It therefore appears that the Storms do not have standing to remonstrate under Section 11.

Section 15.5 gives a statutory right to remonstrate to an owner of land within one-half mile of the territory proposed to be annexed on the basis that the proposed territory is not contiguous to the annexing municipality. Landowners assert that the Storms do not qualify for remonstrance under this section. However, the Storms own land adjacent to Parcel Two, on which their home and the remaining part of their barn sits, and which is

outside the proposed annexation. Thus, they have standing under Section 15.5.

 Anna Shelton owns no land in the proposed annexation. Therefore, she lacks standing under Section 11. Shelton also owns no land within one-half mile of the proposed annexation. Accordingly, she lacks standing to remonstrate under Section 15.5 as well.

### B. Declaratory Judgment

 Landowners further maintain that Remonstrators lack standing to pursue a declaratory judgment action. In addition to the statutory right to remonstrate, annexation may be challenged by declaratory judgment in certain circumstances.[2] See Prock v. Town of Danville, 655 N.E.2d 553 (Ind.Ct.App.1995), trans. denied (1996). Landowners contend, however, that this right is limited such that Remonstrators may not invoke it.

 This court has previously held that remonstrance is the exclusive means available to those who own land within a proposed annexation to challenge annexation proceedings. See, e.g., Deaton, 582 N.E.2d at 885. Declaratory judgment actions, by contrast, are available only to taxpayers of the annexing city. Id. Accordingly, the Storms, who are not Town taxpayers, would ordinarily lack standing to challenge the annexation by way of declaratory judgment.

 However, despite the general rule that remonstrance is the only available recourse for landowners challenging annexation, this court has allowed owners of land within a proposed annexation to pur-

sue a declaratory judgment action in two limited cases. Prock, 655 N.E.2d at 557. Those instances where declaratory relief is appropriate are when: 1) an owner of land within the proposed annexation is claiming that the land sought to be annexed was not contiguous to the annexing municipality's boundaries, thus creating a jurisdictional problem; and 2) a person paying taxes on property located within the annexed area claims that the annexing municipality failed to adopt a written fiscal plan as required by IC 36-4-3-13(d). Id. See Reafsnyder v. City of Warsaw, 155 Ind.App. 455, 293 N.E.2d 540 (1973) (allowing declaratory judgment action alleging that annexation was not contiguous to municipality's boundaries, thus creating a direct jurisdictional attack); Langbehn v. Town of Merrillville, 413 N.E.2d 680 (Ind. Ct.App.1980) (allowing landowner's declaratory judgment action challenging city's failure to implement fiscal plan within prescribed period). But see Matter of Annexation Proposed by Ordinance No. X-02-93, 652 N.E.2d 878, 880 (Ind.Ct.App.1995), trans. denied (affirming dismissal of declaratory judgment action brought by landowners challenging annexation by alleging municipality's fiscal plan was defective).

Here, Remonstrators who own land within the proposed annexation are claiming a lack of contiguity, which creates a jurisdictional attack. This falls squarely under the first exception, allowing the Storms to pursue a declaratory judgment action.

 Shelton is a Town taxpayer. A declaratory judgment action is available to

---

**2.** IC 34-14-1-2, part of Indiana's Uniform Declaratory Judgment Act, provides:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a stat-

ute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

a taxpayer of the annexing municipality to challenge an annexation. *Prock,* 655 N.E.2d at 557. However, the validity of a declaratory judgment proceeding brought by city taxpayers is limited to situations in which: 1) the city common council's actions are clearly or patently illegal; 2) the council acts without subject matter jurisdiction; 3) there is an abuse of discretion in the council's decision to annex; or 4) wastage of public funds is present or imminent and is something more than the furnishing of the normal services and facilities attendant legal annexation. *Id.* This limitation is necessary to protect the interest of the public in the fruits of annexation from unjustified interference from taxpayer suits. *Id.*

In *Montagano v. City of Elkhart,* 149 Ind.App. 283, 289–90, 271 N.E.2d 475, 479 (1971), we explained that the "right" of the taxpayer as a personal right is insufficient to establish standing. Rather, the taxpayer must assert a public right the plaintiff has together with the rest of the taxpayers which he represents. We applied this rule in *Adams v. City of Ft. Wayne,* 423 N.E.2d 647 (Ind.Ct.App.1981), where city taxpayers who owned land near an annexation to the municipality brought a suit for declaratory judgment action, alleging that the annexation was illegal and void. We held that the plaintiffs lacked standing to bring such a challenge because they did not bring the action in their capacity as taxpayers, but rather as individuals. *Id.* Because they did not sue in a representative capacity, they lacked standing. Accordingly, we held that the trial court correctly determined that the plaintiffs lacked standing as individual taxpayers. *Id. But see City of New Haven v. Reichhart,* 748 N.E.2d 374, 379 (Ind.2001) (noting this court's ruling that taxpayer challenge to annexation was authorized by Indiana Declaratory Judgment Act where

taxpayer alleged that annexation ordinance was enacted in violation of law).

By contrast, in *Civil City of Gas City v. Eastbrook Cmty. Sch. Corp.,* 177 Ind.App. 40, 42, 377 N.E.2d 424, 425 (1978), a property owner and taxpayer of the municipality brought a declaratory judgment action seeking a determination challenging an annexation. The annexation in that case involved 103 acres approximately two miles from the municipality's boundaries, and a line of no measurable width running along the middle of a state road to connect the boundaries of the two. This court affirmed the trial court's determination that standing was established by virtue of the parties' stipulation that the plaintiff was a taxpayer and the allegation that the proposed annexation was not contiguous to the municipality's boundaries. *Id.* We further held that based on these facts, there was no contiguity as a matter of law. *Id.* at 43, 377 N.E.2d at 426.

Here, Remonstrators' Complaint alleges that Shelton is "an owner of real property located in, and a taxpayer of, the Town of Lizton, Indiana." *Appellant's Appendix* at 22. It does not specifically allege either in the caption or in the body that Shelton is bringing suit in a representative capacity, nor does it specifically identify the harm to the taxpayers, although it does allege illegality and wastage by the Town. In addition, nothing in the materials before us establishes either of such factors. Thus, we conclude that Shelton lacks standing to bring the declaratory judgment action.

## II. Storm Affidavit

In support of their motion to reenter judgment on the pleadings, Remonstrators submitted the affidavit of William Storm. The trial court denied Landowners' motion to strike Paragraphs Eight and Nine of the affidavit. They now contend that this was error.

A trial court has broad discretion in ruling on a motion to strike. *In re Estate of Meyer,* 747 N.E.2d 1159, 1164 (Ind.Ct.App.2001), *trans. denied.* We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Steuben County v. Family Dev. Ltd.,* 753 N.E.2d 693, 696 (Ind.Ct.App. 2001). We will reverse such an exercise of discretion only when the decision is clearly against the logic and effect of the facts and the circumstances. *Id.* Further, the trial court's decision will not be reversed unless prejudicial error is clearly shown. *Estate of Meyer,* 747 N.E.2d at 1164.

Affidavits submitted in summary judgment proceedings are governed by Ind. Trial Rule 56(E), which provides, in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Steuben County,* 753 N.E.2d at 696–97.

In Paragraph Eight, Storm asserts that none of the five parcels were part of Lizton prior to the adoption of the ordinances and that on June 1, 1998, parcels Two through Five were not contiguous to Lizton. Landowners argue that this statement was a legal conclusion and is not based on Storm's personal knowledge. However, at oral argument, Landowners conceded that Parcels Two through Five were not contiguous to the Town on June 1, 1998. Thus, there is no genuine issue with regard to this fact and any error in admitting the evidence was harmless.

Landowners challenge Paragraph Nine on similar grounds. Paragraph Nine reads:

"I am aware that the Fuehers and De-Golyers intend to develop much of the annexed area. Such development would add substantially to the usage of the Lizton wastewater treatment plant. The additional usage would create enormous costs associated with upgrading the Lizton wastewater treatment plant to service the annexed area. I have attended town meetings and am familiar with the financial condition of the Town. The Town of Lizton has made no provision for the costs necessary to service the intended development. The annexation proposed by Lizton would cause a wastage of public funds which is evident and certain to occur."

*Appellant's Appendix* at 166. Landowners challenge these statements as legal conclusions not based on Storm's personal knowledge. They also argue that this paragraph contains conclusory opinions, not facts, that no foundation was laid for offering Storm's expert opinion, and that Storm's speculation about Landowners' intent and Lizton's ability to pay for the services attendant to annexation are of little evidentiary value.

Because we do not reach the issue of whether the proposed annexation constituted wastage, we do not rely on this evidence in reaching our decision. The challenged evidence is irrelevant to the issue of contiguity, the sole basis for our decision. Thus, it is not prejudicial, and any error in its admission is harmless. *See Knotts v. Knotts,* 693 N.E.2d 962, 967 (Ind.Ct.App.1998), *trans. denied* (relevancy is logical tendency of evidence to prove material fact); *see also Jochem v. Kerstiens,* 498 N.E.2d 1241, 1244 (Ind.Ct.App. 1986) (admission of irrelevant evidence not reversible error if party fails to demonstrate how he or she was harmed thereby).

### III. Contiguity

Landowners assert that the Ordinances met the contiguity requirements of the annexation statute because each parcel was contiguous to the one annexed imme-

diately prior to it. Remonstrators, on the other hand, focus on the fact that Parcels Two through Five were not contiguous to the Town at the time the ordinances were adopted. IC 36–4–3–4(a) states that a legislative body of a municipality may by ordinance annex territory that is contiguous to the municipality.[3] IC 36–4–3–1.5 defines "contiguous" as follows:

"For purposes of this chapter, territory sought to be annexed may be considered "contiguous" only if at least one-eighth (1/8) of the aggregate external boundaries of the territory coincides with the boundaries of the annexing municipality. In determining if a territory is contiguous, a strip of land less than one hundred fifty (150) feet wide which connects the annexing municipality to the territory is not considered a part of the boundaries of either the municipality or the territory."

We have held that this statutory definition obviates any judicial interpretation of the term "contiguous." *See Delph v. Town Council of Town of Fishers*, 596 N.E.2d 294, 297 (Ind.Ct.App.1992) (rejecting judicial interpretation of "contiguity" developed in *Reafsnyder*, 155 Ind.App. at 463–64, 293 N.E.2d at 544–45).

Landowners point to *Catterlin v. City of Frankfort*, 87 Ind. 45 (1882), which they contend authorizes a municipality to serially annex several parcels of land which do not each adjoin the municipality if the first of them does. In that case, the city defined the area to be annexed as a contiguous plot of land made up of the lots of several landowners. Appellants argued that "the territory sought to be annexed is divided into a large number of separate tracts, parcels or lots of land, and that each one of them does not lie contiguous to

the present corporate limits of the city; that the additions excepted from annexation lie between the present corporate limits and some of the territory sought to be annexed." *Id.* at 50. The supreme court explained that it was not necessary for each one of the subdivisions of the territory sought to be annexed to be contiguous to the current city boundary; it was "sufficient if one of them be contiguous to the city, and the others be contiguous to that by being contiguous to each other." *Id.* at 51.

Similarly, in *Huff v. City of La Fayette*, 108 Ind. 14, 15, 8 N.E. 701, 703 (Ind.1886), a landowner opposing annexation argued that his land was not contiguous to the annexing municipality. Citing *Catterlin*, the supreme court explained that it was not necessary that the particular landowner's lands should have been contiguous to the city. It was sufficient if his, and the other tracts of land proposed to be annexed, were contiguous to each other, and one of them was contiguous to the city. Because some of the land proposed to be annexed was contiguous to the city, the annexation was proper. *Id.*

These cases, however, are inapposite because they refer to a single parcel, composed of the land of multiple owners, being annexed in a single ordinance. This situation is not analogous to the question before this court, which involves different parcels being annexed by different ordinances.

We begin our analysis by looking to IC 36–4–3–7 and the reasoning of this court in *Delph* for guidance as to the proper resolution of this case. In 1998, IC 36–4–3–7 provided that an annexation ordinance takes effect at least sixty days after its publication. Relying on this statute, we

---

**3.** IC 36–4–3–3(a) provides an alternative means for municipalities to annex property which is not relevant here. *See Deaton*, 582

N.E.2d at 885 (sections three and four are alternate methods of annexation).

have held that an annexation ordinance becomes effective after the period for remonstrance has passed or any remonstrances have been resolved. *City of Muncie,* 705 N.E.2d at 533. There may be, however, a distinction between the effective date of an annexation ordinance and the effective date of the annexation itself if the municipality delays the effective date of the annexation by express terms in the ordinance itself. *Drake v. City of Fort Wayne,* 543 N.E.2d 1145, 1149 (Ind.Ct.App.1989), *trans. denied* (1990), *disapproved of on other grounds by City of Hobart v. Chidester,* 596 N.E.2d 1374, 1379 (Ind.1992). In such a case, the annexation ordinance would be effective sixty days after publication, but the annexation itself would not be effective until the stated date. Here, however, there is no such distinction. Accordingly, the Ordinances and the annexations would have become final and effective sixty days after their publication, which occurred on May 20, 1998. We must therefore decide whether a municipality may count annexed property as part of its territory before the annexation is effective.

We faced a similar issue in *Delph,* 596 N.E.2d at 298. There, the Town of Fishers annexed Parcel One, which was contiguous to Fishers, by an ordinance adopted in February 1990. No remonstrance was filed within the statutory period, and the ordinance was not recorded until August 1990. Meanwhile, in July 1990, Fishers passed another ordinance annexing property that was contiguous to Parcel One, but not to Fishers.

Some landowners challenged the contiguity of Parcel Two to Fishers, claiming that the February 1990 annexation was void because it was not recorded within ninety days of the expiration of the time period permitted for remonstrance or appeal, as required by IC 36–4–3–22. The landowners argued that the February annexation was invalid when the July annexation took place and, therefore, Parcel Two was neither contiguous to Fishers nor validly annexed. In resolving this claim, we looked to IC 36–4–3–22(c), which states that failure to record an annexation ordinance does not invalidate it. We held that the trial court properly determined annexation is complete when the remonstrance or appeal period ends with no remonstrance or appeal being filed, and that Parcel One was therefore properly and legally annexed to Fishers prior to the annexation of Parcel Two. *Id.*

The inference from the court's reasoning is that had the February annexation ordinance not been final prior to the July annexation ordinance being adopted, Parcel Two would not have been contiguous. Thus, *Delph* supports Remonstrators' position that Parcels Two through Five were not contiguous to the Town when the ordinances purporting to annex them were passed.

We find this interpretation persuasive. Accordingly, we hold that the annexation of Parcel One was not complete until the statutory period for filing remonstrances had passed. At that point and not before, Parcel One became a part of the Town, and land contiguous to it but not to other parts of the Town became eligible for annexation to the Town. Because the Town attempted to annex Parcels Two through Five prior to the end of the remonstrance period for the first ordinance annexing Parcel One, its attempt was invalid. Accordingly, we hold that the Ordinances annexing Parcels Two through Five are void, and such parcels are not a part of the Town.

In so holding, we are mindful of our supreme court's recent directive that "[a]nnexation is essentially a legislative process, and courts should not micromanage it."

*Bradley v. City of New Castle*, 764 N.E.2d 212, 214 (Ind.2002). However, we do not believe that holding the Town to the statutory mandates is micromanagement. To allow the Town to annex these parcels by this method would subvert the statutory requirement of contiguity that our legislature has endorsed. The legislature has provided for judicial review of the legislative process of annexation for limited specific purposes, including the determination of whether the contiguity requirement has been met. *Id.* at 217. We have exercised that judicial review accordingly and found a lack of contiguity.

Remonstrators also maintain that the annexation of Parcel One is not yet final because they filed their remonstrance within the sixty-day period. Remonstrators are correct on this point. However, they moved for a judgment on the issue of contiguity, challenging only Parcels Two through Five. On December 9, 1999, while Landowners appealed the court's decision on that issue, the court dismissed Remonstrators' remaining claims with prejudice for failure to prosecute pursuant to Indiana Trial Rule 41(E). Thus, Remonstrators' challenge to Parcel One has terminated and Parcel One has been validly annexed to the Town.

## IV. Condemnation Finding

■■■■ Landowners also take exception to the trial court's finding that the Town's attempted annexation amounted to an attempted taking of the Storms' property. They contend that as a matter of law, annexation is not a taking. In *Chidester v. City of Hobart*, 631 N.E.2d 908 (Ind.1994), our supreme court declined to address the landowners' taking argument, noting that the issue was decided adversely to the landowners in *Taggart v. Claypool*, 145 Ind. 590, 44 N.E. 18 (Ind.1896):

"There is no constitutional guarantee for the continued existence of a governmental subdivision of the state, and annexation of territory to a city is not a taking of the property, nor does it deprive any person of his property. As we said more than a century ago, no property is taken from the owner, by annexation, no private right of the owner is affected; the act simply changes the property and its owner, in their civil relation to certain public authority. This power the State has the right to exercise, directly or indirectly, within constitutional limits, at any time."

*Chidester*, 631 N.E.2d at 913 (quotations and citations omitted). Thus, Landowners are correct on this point. However, the sum of the trial court's detailed decision does not rest on this proposition. Rather, after explaining its finding of lack of contiguity, the trial court in its last conclusion of law, states: "The intervenors cannot force the Town of Lizton indirectly to do what the Town of Lizton cannot do directly—take private property for a private purpose on the facts of this case." *Appellants' Appendix* at 20. This finding was merely surplusage and irrelevant to the trial court's ultimate decision to declare the ordinances void. Because we are not bound by the trial court's findings and conclusions, its error in this regard is harmless.

## V. Damages

■■■■ Remonstrators contend that they are entitled to damages because Landowners' appeal is brought in bad faith to harass them. Ind. Appellate Rule 66(E) states that this court may assess damages if an appeal is frivolous or in bad faith. The award of damages is within this court's discretion and may include attorney's fees. App. R. 66(E).[4] Remon-

4. Although few cases interpret new App. R. 66(E), the comment to App. R. 66 explains

strators specifically ask for the costs incurred after the date that Town first admitted that Parcels Two through Five were not contiguous to it when the ordinances were passed.

The discretion to award attorney fees is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Tioga Pines Living Ctr., Inc. v. Indiana Family & Soc. Servs. Admin.*, 760 N.E.2d 1080, 1087 (Ind. Ct.App.2001); *Boczar v. Meridian Street Foundation*, 749 N.E.2d 87, 95 (Ind.Ct. App.2001). Indiana appellate courts have classified claims for appellate attorney fees into substantive and procedural bad faith claims. *Boczar*, 749 N.E.2d at 95. Here, Remonstrators argue substantive bad faith. To prevail on a substantive bad faith claim, the party must show that the appellants' contentions and argument are utterly devoid of all plausibility. *Id.*

Although the rule provides this court with discretionary authority to award damages in favor of the appellee when we affirm the judgment, we must use extreme restraint when exercising our discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal. *Tioga Pines Living Ctr.*, 760 N.E.2d at 1087. A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. *Id.*

Remonstrators maintain that Landowners misstate the facts by alleging that Parcels Two through Five met the statutory definition of contiguity, and that only a small portion of Landowners' brief was devoted to the critical issue of contiguity.

They also fault Landowners for relying on *Catterlin*, an 1882 case which Remonstrators contend does not support Landowners' position.

In this case, we find that an award of appellate attorney's fees would be particularly inappropriate. Both parties concede that no Indiana court has ruled on this issue for over one hundred years. Thus, while not a matter of first impression, serial annexation is an area of the law that has room for development. We see nothing in either party's position that is inconsistent with reasonable advocacy grounded in established legal principles. Landowners' claims are certainly not utterly devoid of all plausibility. Furthermore, there is no bad faith in citing to an Indiana Supreme Court case that has not been overruled, regardless of its age.

Accordingly, we clarify that Parcel One is annexed to the Town of Lizton, affirm the trial court's holding that the ordinances annexing Parcels Two through Five are invalid, vacate the trial court's conclusion with regard to whether the Town's actions amounted to a taking and deny Remonstrators' request for appellate attorney's fees.

SULLIVAN, J., and ROBB, J., concur.

---

that it is analogous to former Ind. Appellate Rule 15. Accordingly, this court may look to

cases relying on and interpreting the former rule for guidance.