**CITY OF CARMEL, Indiana, Appellant–Defendant,**

v.

**Carl Michael STEELE and Victoria A. Russo–Steele, Appellees–Plaintiffs.**

No. 29A02–0503–CV–245.

Court of Appeals of Indiana.

Nov. 8, 2005.

Nicholas K. Kile, Barnes & Thornburg LLP, Indianapolis, Douglas C. Haney, City of Carmel, Carmel, for Appellant.

Brian J. Zaiger, Carmel, for Appellee.

## OPINION

ROBB, Judge.

The City of Carmel appeals the trial court's order finding that its ordinance C–265 was invalid. We affirm.

### Issue

Carmel raises two issues for our review, which we consolidate and restate as whether the trial court properly found that Carmel's ordinance C–265 was invalid because the territory that ordinance sought to annex was not contiguous with Carmel.

### Facts and Procedural History

This case centers on Carmel's attempt to annex certain property owned by Landmark on Spring Mill, LLP, also known as AMLI on Spring Mill ("AMLI"), located in Washington Township of Hamilton County. The AMLI property consists of forty-three acres, is square in shape, and is bordered on the west by Spring Mill Road and on the south by 146th Street.

In 1995, Carmel entered into an interlocal agreement ("Interlocal Agreement") with the Town of Westfield and Hamilton County. Pursuant to the agreement, Hamilton County agreed to maintain and improve 146th Street. In exchange, Carmel and Westfield agreed to "de-annex any portion of the right-of-way of 146th Street annexed up to this date and agree not to annex any part of the existing, or proposed, right-of-way in the future." Appellant's Amended Appendix at 61.

In 2002, Carmel passed ordinance C–210. In that ordinance, Carmel annexed certain territory located directly south of the AMLI property and also south of 146th Street. The legal description of the territory annexed by Carmel in ordinance C–210 states:

to the point of intersection with the *south right of way line of 146th Street* (which is under the jurisdiction of Hamilton County by virtue of a formal Interlocal Agreement between the City of Carmel, the Town of Westfield and Hamilton County, Indiana concerning 146th Street),

then proceeding eastward, along the southern right of way of 146th Street to the point of intersection with the corporate limits of the city of Carmel....

*Id.* at 55 (emphasis added). The last line of the legal description says, "and including all otherwise un-annexed right of way located adjacent to the annexation territory, in accordance with IC 36–4–3–2." *Id.* at 58.

On August 11, 2004, AMLI, pursuant to Indiana Code section 36–4–3–5.1, filed a petition requesting that Carmel annex its property located in Washington Township. In the petition, AMLI alleged that more than one-eighth of the aggregate external

boundaries of its property were contiguous with Carmel's corporate boundaries. On September 24, 2004, Carmel passed ordinance C–265 in which it annexed the AMLI property. Besides annexing the AMLI property, ordinance C–265 also states, "To the extent the Annexation Territory includes land contiguous to Spring Mill Road or 146th Street, the Annexation Territory shall include these public highways and their rights-of-way." *Id.* at 41.

Carl Steele and Victoria Russo–Steele ("the Steeles") own land within one-half mile of the AMLI property. On October 22, 2004, the Steeles, pursuant to Indiana Code section 36–4–3–15.5, filed a complaint appealing Carmel's adoption of ordinance C–265. They principally argued that the annexation proposed in ordinance C–265 should not take place because the AMLI property was not contiguous to Carmel.

On December 20, 2004, the trial court held a hearing on the Steeles' complaint. At the hearing, the Steeles argued that the AMLI property was not contiguous with Carmel because Carmel's boundary ended at the southern right-of-way of 146th Street, while AMLI's boundary ended at the center of 146th Street. Carmel argued that the AMLI property was contiguous to its boundaries. To support its position, Carmel called Trent Newport, an engineer and a surveyor, to testify. After considering the legal description of the territory annexed in ordinance C–210, Newport concluded that in ordinance C–210 Carmel extended its boundary to the north right-of-way of 146th Street. Newport also noted that because ordinance C–265 annexed 146th Street and its rights-of-way, the AMLI property was contiguous with Carmel. Newport was last asked what percentage of AMLI's aggregate external boundary would coincide with Carmel's boundary if Carmel's city limits were south of 146th Street. Newport responded that

twenty-four percent of AMLI's boundary would coincide with Carmel's city limits, and that this percentage was greater than one-eighth.

On February 16, 2005, the trial court issued an order in which it drew the following conclusions:

4. That as to the issue of contiguity, the Court finds that this issue is dispositive and, therefore, declines to address the other arguments of counsel.

\* \* \*

6. That contiguity is lacking between Carmel's boundaries and the territory it seeks to annex. First, Carmel's Ordinance C–265 does not permissibly annex the proposed territory because Carmel had not previously annexed the southern right-of-way of 146th Street. Indiana Code § 36–4–3–1.5 defines contiguous territory as "at least one-eighth (1/8) of the aggregate external boundaries of the territory coincid[ing] with the boundaries of the annexing municipality." The 146th Street southern right-of-way between Carmel's current boundaries and the territory it seeks to annex leaves a gap in contiguity the width of such right-of-way. Furthermore, Carmel cannot annex the territory by the terms of C–265 simply by including all "public highways and their rights-of-way" when the 146th Street southern right-of-way was never previously annexed by Carmel.

Second, the territory annexed by Carmel in Ordinance C–210 as set out in the legal description attached to such ordinance likewise does not include the 146th Street right-of-way. The parties contend that the language in the legal description is conflicting as to whether it includes or excludes the 146th Street right-of-way. The relevant portions of the legal description reads [sic]:

... to the point of intersection with the south right of way line of 146th Street (which is under the jurisdiction of Hamilton County by virtue of a formal Interlocal Agreement between the City of Carmel, the Town of Westfield and Hamilton County, Indiana concerning 146th Street), ... and including all otherwise un-annexed right of way located adjacent to the annexation territory, in accordance with IC 36–4–3–2.

In construing an ordinance, case law has determined that ordinances are to be treated in the same manner as a statute and, therefore, statutory construction applies equally to ordinances. *Carson Lutz v. The City of Indianapolis*, 820 N.E.2d 766, 770 (Ind.Ct.App.2005). When determining the meaning of a statute, "a well-established rule of statutory construction holds that where provisions of a statute conflict, the specific provision takes priority over the general provision." *In re Public Law 16–1995*, 714 N.E.2d 126, 128 (Ind.1999) (dissenting opinion). Here, the preceding clause in the legal description is specific to 146th Street and establishes the northern boundary of the territory annexed under C–210 up to but not including the southern right-of-way of 146th Street by use of the words "point of intersection with the south right of way line." The clause that follows this is general and refers to "all otherwise un-annexed right-of-way." Thus, in construing the legal description as attached to C–210, the Court finds that the specific clause takes priority over the general. Consequently, C–210 does not annex the southern right-of-way of 146th Street itself but only up to the southern edge of the 146th Street right-of-way. Therefore, because neither C–265 nor C–210 annexes the 146th Street right-of-way, a gap exists between Carmel's current boundaries and the territory it seeks to annex, and such gap prevents Carmel from validly annexing the territory in question pursuant [to] the definition of contiguity in Indiana Code § 36–4–3–1.5.

* * *

THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that the territory Carmel seeks to annex in C–265 is not contiguous with its current boundaries; such annexation shall not take effect and such ordinance is hereby rendered invalid.

*Id.* at 14–15 (some citations omitted).

On February 24, 2005, Carmel filed a motion to correct error in which it argued that the trial court erred in concluding that ordinance C–265 did not annex 146th Street. Carmel contended that because ordinance C–265 annexed 146th Street, ordinance C–265 made the AMLI property contiguous with Carmel. After reviewing Carmel's motion, the trial court issued an order on March 11, 2005, in which it made the following conclusions:

4. That the Court agrees that the February 16, 2005 Order needs to be corrected and/or clarified. The Court deletes from its prior Order the language:

Therefore, because neither C–265 nor C–210 annexes the 146th Street right-of-way, a gap exists between Carmel's current boundaries and the territory it seeks to annex, and such gap prevents Carmel from validly annexing the territory in question pursuant [to] the definition of contiguity in Indiana Code § 36–4–3–1.5.

and replaces such language with the following:

Therefore, because C–210 did not annex the 146th Street right-of way, a gap exists between Carmel's cur-

rent boundaries and the territory it seeks to annex, and such gap prevents Carmel from validly annexing the territory in question pursuant [to] the definition of contiguity in Indiana Code § 36–4–3–1.5. In addition, even though C–265 by its language incorporates the 146th Street right-of-way in the annexation of the proposed annexed territory, the proposed annexed territory was never contiguous with Carmel's existing boundaries to begin with prior to the Ordinance because such territory was separated from Carmel's boundaries by the southern 146th Street right-of-way.

5. That the Court found in its previous Order and does now reaffirm and find that the proposed annexed territory was not contiguous to Carmel's current existing boundaries prior to the time Ordinance C–265 was considered and adopted. Indiana Code § 36–4–3–1.5 defines the term "contiguous" and states in relevant part: "For purposes of this chapter, territory *sought* to be annexed may be considered "contiguous" [sic] only if at least one-eighth (1/8) of the aggregate external boundaries of the territory coincides with the boundaries of the annexing municipality." (Emphasis supplied). The Court construes the language of this statute to mean that the territory or some part of the territory in which [sic] Carmel seeks to annex must be contiguous at such time prior to the annexation ordinance and not made contiguous contemporaneously by the language of such annexation ordinance. Thus, in order for Carmel to have a future intent to annex the proposed annexed territory, such territory or part thereof must be contiguous to Carmel's current existing boundaries pri-

or to such intent to annex such territory. The Court finds this meaning to be consistent with other sections within this chapter. *See* Ind.Code § 36–4–3–3(a), –4(a)(1), –5.1(a).... Therefore, Carmel's Ordinance C–265 fails because the proposed annexed territory was not contiguous with Carmel's current boundaries prior to such Ordinance.

\* \* \*

7. That the Court does now reaffirm all other parts of the February 16, 2005 Order except as corrected and/or clarified by this Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Carmel's Motion to Correct Error is DENIED.

*Id.* at 17–19. Following the issuance of this order, this appeal ensued.

*Discussion and Decision*

Carmel argues that the trial court erred in finding that ordinance C–265 was invalid. We disagree.

I. Standard of Review

 Annexation is an essentially legislative function, and is subject to judicial review only as provided by statute. *Bradley v. City of New Castle,* 764 N.E.2d 212, 215 (Ind.2002). Indiana Code sections 36–4–3–1 through –22 govern the annexation of land by municipalities. *In re Remonstrance Appealing Ordinance Nos. 98–004, 98–005, 98–006, 98–007 and 98–008, of the Town of Lizton,* 769 N.E.2d 622, 628 (Ind. Ct.App.2002). Generally, the annexation process formally begins when a municipality adopts an ordinance annexing territory pursuant to either Indiana Code section 36–4–3–3 or Indiana Code section 36–4–3–4. *Id.* However, as was done here, the annexation process can begin when an individual files a petition with a municipality

requesting that the municipality annex his or her property pursuant to Indiana Code section 36–4–3–5.1. Once a municipality adopts an ordinance annexing certain territory, an opportunity for remonstrance by affected landowners and judicial review is afforded. *Id.* A remonstrance by an affected landowner abates the culmination of the annexation pending a review by the courts. *Id.* "The trial court's role is to decide whether the municipality has operated within its authority and satisfied the statutory conditions for annexation." *Bradley,* 764 N.E.2d at 216. At a remonstrance hearing, the city bears the burden of showing compliance with the requirements of the annexation statute. *Id.*

When, as here, a trial court enters special findings and conclusions, we review issues of fact for sufficiency of the evidence and look to the record only for evidence favorable to the judgment. *Id.* (citing Ind. Trial Rule 52). We will not set aside findings and judgments unless they are clearly erroneous. *Id.* "We review questions of law *de novo.*" *Id.*

## II. Contiguity

Resolution of this case requires us to interpret several different statutes. The interpretation of a statute is a question of law, and is reviewed under a *de novo* standard. *Kaser v. Barker,* 811 N.E.2d 930, 932 (Ind.Ct.App.2004), *trans. denied.* "If a statute is unambiguous, we may not interpret it but must give the statute its clear and plain meaning; however, if a statute is ambiguous, we must ascertain the legislature's intent and interpret the statute to effectuate that intent." *Robinson v. Gazvoda,* 783 N.E.2d 1245, 1249–50 (Ind.Ct.App.2003), *trans. denied.* "A statute is ambiguous if it is susceptible to more than one reasonable and intelligible interpretation." *Id.* at 1250.

The annexation process began in this case in 2004 when AMLI filed a petition, pursuant to Indiana Code section 36–4–3–5.1 ("Section 5.1"), requesting that Carmel pass an ordinance annexing its property. Section 5.1 provides in relevant part:

(a) This section applies to an annexation in which owners of land located outside but contiguous to a municipality file a petition with the legislative body of the municipality:

(1) requesting an ordinance annexing the area described in the petition; and

(2) signed by one hundred percent (100%) of the landowners that reside within the territory that is proposed to be annexed.

Ind.Code § 36–4–3–5.1(a).

The principal issue in this case is whether the territory sought to be annexed by Carmel in ordinance C–265 is contiguous with Carmel's corporate boundaries. Indiana Code section 36–4–3–1.5 provides that "[f]or purposes of this chapter, territory sought to be annexed may be considered 'contiguous' only if at least one-eighth (1/8) of the aggregate external boundaries of the territory coincides with the boundaries of the annexing municipality." In determining whether AMLI's property is contiguous with Carmel's boundaries, one issue that must be addressed is whether Carmel has annexed 146th Street, a public highway, and its rights-of-way. Indiana Code section 36–4–3–2.5(b) states:

An annexation of territory under this chapter after June 30, 1996, that includes land contiguous to a public highway must also include contiguous areas of:

(1) the public highway; and

(2) rights-of-way of the public highway.

After Carmel passed ordinance C–265, the Steeles filed a remonstrance under Indiana Code section 36–4–3–15.5 ("Sec-

tion 15.5") appealing Carmel's adoption of the ordinance. Section 15.5 provides:

(a) Except as provided in subsection (b), an owner of land within one-half (1/2) mile of territory proposed to be annexed under this chapter may not later than sixty (60) days after the publication of the annexation ordinance, appeal that annexation to a circuit court or superior court of a county in which the annexed territory is located. The complaint must state that the reason the annexation should not take place is that the territory sought to be annexed is not contiguous to the annexing municipality.

(b) This subsection applies to an annexation initiated by property owners under section 5.1 of this chapter in which all property owners within the area to be annexed petition the municipality to be annexed. An owner of land within one-half (1/2) mile of the territory proposed to be annexed under this chapter may, not later than thirty (30) days after the publication of the annexation ordinance appeal that annexation to a circuit court or superior court of a county in which the annexed territory is located. The complaint must state that the reason the annexation should not take place is that the territory sought to be annexed is not contiguous to the annexing municipality.

(c) Upon the determination of the court that the complaint is sufficient, the judge shall fix a time for a hearing to be held not later than sixty (60) days after the determination. . . . The judge of the circuit or superior court shall, upon the date fixed, proceed to hear and determine the appeal without a jury, and shall, without delay, give judgment upon the question of the annexation according to the evidence introduced by the parties. *If the evidence establishes that the territory sought to be annexed is contiguous to the annexing municipality, the court shall deny the appeal and dismiss the proceeding. If the evidence does not establish the foregoing factor, the court shall issue an order to prevent the proposed annexation from taking effect.*

(Emphasis added.)

■ As a preliminary matter, Carmel seems to argue that the Steeles lack standing to file a remonstrance. The evidence reveals that the Steeles live within one-half mile of the territory sought to be annexed by Carmel in ordinance C–265. Therefore, the Steeles do have standing to file a remonstrance under Section 15.5.

■ Carmel first contends that under Section 15.5, if the evidence introduced to the trial court established that the territory sought to be annexed in ordinance C–265, rather than the territory originally described in AMLI's petition requesting annexation, is contiguous to Carmel's boundaries, then the trial court is required to deny the Steeles' appeal and dismiss the proceeding. Carmel asserts that the phrases "territory proposed to be annexed" and "territory sought to be annexed" in Section 15.5 solely refer to the property described in the annexation ordinance. Under Carmel's reading of Section 15.5, the only evidence the trial court would need to consider is the annexation ordinance. If the property described in the annexation ordinance is contiguous with the municipality's borders, then the trial court must dismiss the remonstrator's appeal. Carmel notes that the territory sought to be annexed in ordinance C–265 includes the AMLI property along with 146th Street and its rights-of-way. Assuming that Carmel's boundaries extend,

at the least, up to 146th Street's southern right-of-way, the territory sought to be annexed in ordinance C–265 would be contiguous with Carmel.

However, Section 15.5 is ambiguous because it is susceptible to more than one reasonable interpretation. It is not entirely clear that the phrases "territory proposed to annexed" and "territory sought to be annexed" in section 15.5 solely refer to the property described in the annexation ordinance. The territory AMLI proposed to be annexed did not include 146th Street or its rights-of-way, and, thus, would not have been contiguous with Carmel if Carmel's border only extended to the southern right-of-way of 146th Street. Furthermore, Section 15.5 provides that the trial court shall hold a hearing and consider evidence introduced by the parties. If our legislature intended for the trial court to only consider the annexation ordinance, then it would not have used the term "evidence." The use of the broad term "evidence" suggests that in making its decision, the trial court is free to consider any evidence it finds relevant. Therefore, although the property described in ordinance C–265 was contiguous with Carmel, Section 15.5 did not require the trial court to dismiss the Steeles' appeal and permitted the trial court to consider whether the property AMLI proposed to be annexed in its petition requesting annexation was contiguous with Carmel's borders.

■ Carmel argues that in allowing the trial court to consider whether the property AMLI proposed to be annexed in its petition requesting annexation was contiguous with Carmel, we have allowed the trial court to review whether Carmel satisfied the statutory conditions for annexation provided in Section 5.1. Carmel argues that the trial court did not have the au-

thority to do this and relies on *Bradley* to support its position. In *Bradley,* the City of New Castle passed an ordinance annexing four contiguous areas. Property owners residing in the annexed areas filed a petition for declaratory judgment and a petition for remonstrance. New Castle filed a motion for summary judgment. The trial court granted New Castle summary judgment on the petition for declaratory judgment and on portions of the petition for remonstrance. The remonstrators appealed, and we held that the trial court erred in granting partial summary judgment on the petition for remonstrance. *Bradley v. City of New Castle,* 730 N.E.2d 771, 787 (Ind.Ct.App.2000), *trans. granted.*

On transfer, our supreme court noted that the remonstrators' arguments were procedural in nature. *Bradley,* 764 N.E.2d at 214. The remonstrators specifically argued that New Castle violated Indiana Code section 36–4–3–3 by not giving a proper legal description of the property to be annexed and Indiana Code section 36–4–6–13 by not getting unanimous consent for a provision when such consent was required. The court noted that none of the violations alleged by the remonstrators arose out of the sections of the Indiana Code dealing with remonstrance proceedings, nor did the remonstrators allege that the violations impaired their substantial rights. *Id.* at 216. The court stated, "The question is whether judicial review should extend beyond the confines of Sections 11 through 13." [1] *Id.* at 217. The court noted that we found that judicial review should extend beyond the confines of Sections 11 through 13, but disagreed with our conclusion. *Id.* The court stated:

> According to Ind.Code § 36–4–3–13, "a court shall order a proposed annexation

---

1. Indiana Code sections 36–4–3–11 through – 13 all deal with remonstrance proceedings

challenging a municipality's annexation of territory.

to take place if the following requirements are met." (Emphasis added.) These requirements are contiguity (or specified alternatives to contiguity) plus a fiscal plan that covers enumerated subjects. This language seems plain enough: if the City satisfies Section 13's listed requirements, the court shall order annexation.

*Id.* The court recognized that "annexing municipalities may commit procedural wrongs so severe that courts must act to protect remonstrators' substantial rights." *Id.* However, the court determined that any procedural errors committed by New Castle did not impair the remonstrators' substantial rights. *Id.* at 218. The court concluded that the procedural violations alleged by the remonstrators "fell outside the scope of judicial review of annexations." *Id.*

*Bradley* is distinguishable. Like the remonstrators in *Bradley,* the Steeles have raised some procedural arguments for why Carmel should not be allowed to annex AMLI's property. For instance, the Steeles contend that Carmel's proposed annexation of AMLI's property should not take effect because ordinance C–265 does not give a correct legal description for the property as required by Indiana Code section 36–4–3–3.5. However, the Steeles have also raised several substantive arguments. They contend that Carmel has not satisfied the requirements of Section 5.1 because it is not clear that one hundred percent of the landowners residing within the territory signed the petition for annexation. Most importantly, though, the Steeles argue that the annexation should not be allowed because Carmel has not proven that its boundaries are contiguous with AMLI's property. Not only is this a substantive argument, it is also an argument directly derived from and permitted by the applicable remonstrance statute in this case, Section 15.5. Although the Steeles raised procedural arguments, the trial court did not reach these issues and decided the case on the contiguity issue alone. Because the Steeles' contiguity argument was substantive in nature and was derived from Section 15.5, *Bradley* does not bar the trial court from exercising its power of judicial review.

The Steeles' contiguity argument is also significant because it directly raises the issue of whether Carmel satisfied the requirements of Section 5.1, and, thus, had the authority under that statute to annex AMLI's property. Section 5.1 requires that before a landowner can file a petition requesting annexation by a municipality, his or her property must be contiguous to the municipality. If AMLI's property was not contiguous with Carmel, then AMLI could not file a petition for annexation under Section 5.1, and Carmel did not have the authority under Section 5.1 to annex AMLI's property. In *Bradley,* our supreme court stated that the municipality seeking to annex territory bears the burden of showing compliance with the requirements of the annexation statute, and that it is up to the trial court to decide whether the municipality has satisfied this burden and, ultimately, whether the municipality has acted within its authority. 764 N.E.2d at 216. Carmel then bore the burden of showing compliance with the requirements of Section 5.1, and the trial court had to determine whether Carmel satisfied this burden and acted within its authority. Therefore, the trial court had the authority to review whether Carmel satisfied the statutory conditions of annexation provided in Section 5.1.

■ Carmel next contends that the trial court erred in concluding that it did not prove that its boundaries were contiguous with AMLI's property. Carmel first argues that ordinance C–210 annexed 146th

Street and its rights-of-way, and, thus, AMLI's property was contiguous with Carmel at the time AMLI filed its petition requesting annexation. The legal description of the territory annexed by ordinance C–210 contains two significant passages: (1) "to the point of intersection with the south right of way line of 146th Street (which is under the jurisdiction of Hamilton County by virtue of a formal Interlocal Agreement between the City of Carmel, the Town of Westfield and Hamilton County, Indiana concerning 146th Street)"; and (2) "and including all otherwise un-annexed right of way located adjacent to the annexation territory, in accordance with IC 36–4–3–2." Appellant's Amended App. at 55 and 58.

We have previously stated that ordinances are on the same footing as statutes, and, therefore, the rules relating to statutory construction apply equally to ordinances. *Lutz v. City of Indianapolis,* 820 N.E.2d 766, 770 (Ind.Ct.App.2005). When the provisions of an ordinance conflict, the specific provision takes priority over the general provision. *Robinson v. Wroblewski,* 704 N.E.2d 467, 474 (Ind. 1998). Here, the above quoted passages from the legal description of the territory annexed by ordinance C–210 are in conflict. The first passage states specifically that the territory annexed by ordinance C–210 goes up to but does not include the southern right-of-way of 146th Street. The second passage states generally that ordinance C–210 annexed all otherwise unannexed rights-of-way located adjacent to the annexation territory. Because the first passage is more specific than the second, it takes priority over the second passage. With ordinance C–210 then, Carmel only annexed the territory up to the southern right-of-way of 146th Street.

This conclusion is supported by the reference made to the Interlocal Agreement in the first passage. In the Interlocal Agreement, Carmel agreed to not annex any part of the existing or proposed right-of-way of 146th Street in the future. By referencing the Interlocal Agreement, Carmel evinced an intention on their part to abide by the agreement and not annex 146th Street or its rights-of-way in ordinance C–210. Therefore, ordinance C–210 did not annex 146th Street or its rights-of-way.[2]

Carmel next argues that AMLI's property was contiguous with Carmel because ordinance C–265 annexed 146th Street and its rights-of-way. However, under Section 5.1, contiguity is a condition precedent that must be satisfied before a landowner

**2.** In concluding that the first passage should take priority over the second passage, we recognize that it would appear that the second passage has been rendered meaningless, which in most cases we would avoid doing. *See id.* (stating that where statutory provisions are in conflict, no part of a statute should be rendered meaningless but should be reconciled with the rest of the statute). However, our interpretation of ordinance C–210 did not render the second passage meaningless. The second passage appears to be an attempt by Carmel to satisfy the requirements of Indiana Code section 36–4–3–2.5 by annexing any adjacent public highways and their rights-of-way. However, instead of citing Indiana Code section 36–4–3–2.5, which would have authorized Carmel's annexation of any adjacent public highways, Carmel cited Indiana Code section 36–4–3–2. That statute states, "Territory may be annexed by a municipality under section 3 or 4 of this chapter. However, a municipality may not annex territory that is inside the corporate boundaries of another municipality, although municipalities may merge under IC 36–4–2." Ind.Code § 36–4–3–2. Indiana Code section 36–4–3–2 did not give Carmel the authority to annex any adjacent public highways and their rights-of-way. Because Carmel failed to show that it had the authority to annex the property described in the second passage, that passage was without meaning at the time of its adoption.

can petition to have her property annexed by a municipality. If this condition is not met, then the municipality has no authority under Section 5.1 to pass an ordinance annexing that territory. A municipality cannot make the property sought to be annexed contiguous with the annexation ordinance, which is what Carmel tried to do here. Carmel's burden was to show that at the time AMLI filed its petition requesting annexation, its property was contiguous with Carmel's borders. Carmel has not carried this burden, and the fact that ordinance C–265 made AMLI's property contiguous with Carmel by annexing 146th Street and its rights-of-way is irrelevant.

Lastly, Carmel contends that even assuming that ordinances C–210 and C–265 did not annex 146th Street, AMLI's property is still contiguous with Carmel's boundaries. Carmel points out that under Indiana Code section 36–4–3–1.5 territory sought to be annexed is contiguous if at least one-eighth of its aggregate external boundaries coincide with the boundaries of the annexing municipality. Carmel's expert witness, Trent Newport, testified that if Carmel's city limits were south of 146th Street, twenty-four percent of AMLI's aggregate external boundary, which is greater than one-eighth, would coincide with Carmel's boundaries. Based on this, Carmel concludes that AMLI's property was contiguous with Carmel.

However, it is a well-settled principle of the common law that the conveyance of property bounded by a public highway conveys to the grantee title to the property all the way to the center of the highway. *Western Union Telegraph Co. v. Krueger*, 36 Ind.App. 348, 353, 74 N.E. 25, 26 (1905). In its brief, Carmel concedes that AMLI's property "extends to the midpoint of the 146th Street right-of-way." Amended Brief of Appellant at 3. If Carmel's border stops at the southern right-of-way of 146th Street and AMLI's boundary only extends to the midpoint of 146th Street, then we fail to see how any portion of AMLI's aggregate external boundary, let alone twenty-four percent, coincides with Carmel's border. In the two orders issued by the trial court in this case, it never mentioned this portion of Newport's testimony, suggesting that it gave this testimony no weight. Therefore, Newport's testimony does not prove that AMLI's property was contiguous with Carmel's boundaries.

Carmel did not introduce sufficient evidence to prove that at the time AMLI filed its petition requesting annexation its property was contiguous with Carmel's boundaries. Therefore, Carmel did not have the authority under Section 5.1 to pass an ordinance annexing AMLI's property, and the trial court properly found that ordinance C–265 was invalid.

*Conclusion*

The trial court had the authority to review whether Carmel satisfied the statutory conditions of annexation provided in Section 5.1. Carmel did not produce sufficient evidence to prove that at the time AMLI filed its petition requesting annexation its property was contiguous with Carmel's border, and, thus, Carmel lacked the authority under Section 5.1 to pass an ordinance annexing AMLI's property. The trial court's order finding ordinance C–265 invalid is therefore affirmed.

Affirmed.

KIRSCH, C.J., and MAY, J., concur.